JOHN LOUNSBERY, Respondent, *v.* JACOB L. SNYDER and JAMES H. VANDEMARK, Appellants.

An act of the lessor, amounting to a mere trespass, and not interfering with the substantial enjoyment of the demised premises by the lessee, is not equivalent to an eviction.

It is not necessary that there should be an act of expulsion by physical force, to constitute an eviction; but there must be an actual or constructive exclusion of the tenant, from the possession or beneficial use and enjoyment of the whole or some portion of the property demised.

An oral agreement, by which the tenant, under a written lease for five years, relets a portion of the premises to his landlord for the same term, inures under the statute of frauds, as a demise from year to year.

APPEAL from a decision of the Supreme Court, at a General Term in the third judicial district, affirming a judgment in favor of the plaintiff, rendered at the Ulster Circuit, on the trial before Mr. Justice GOULD.

The action was on a lease, for rent of the demised premises. The defense was, that the defendants had been evicted from a portion of the premises by the plaintiff, before the rent in question accrued. The facts sufficiently appear in the opinion of the court.

*T. R. Westbrook,* for the appellants.

*Erastus Cooke,* for the respondent.

PORTER, J. In the spring of 1857, the defendants were in possession of the entire premises embraced in the lease. It was executed in February, 1856. The term was five years, and the rent reserved was $200 for the first year, and $250 for each succeeding year. The property consisted of a store, dwelling house, hay-scales, barn, and the lots on which these buildings were erected. The plaintiff desiring to use a portion of the demised premises, and the defendants wishing to be relieved from so large a rent, a verbal agreement was concluded between them on the 10th of April, 1857, by which, in consideration of an agreed allowance by the plaintiff of $112.50 on the annual rent, thus reducing the amount to $137.50, he was to

resume the occupancy of the dwelling house and lot, the barn, and the adjacent portion of the store lot, with the privilege of ingress and egress over the store lot, and the further privilege of depositing firewood temporarily on a portion of the lot. The plaintiff accordingly took possession, with the express permission and consent of the defendants, of the part of the premises thus relinquished; and the defendants continued their occupation of the residue of the property demised. The plaintiff subsequently drew firewood on a portion of the store lot adjoining the house lot, and kept fuel there, more or less, from the ensuing summer down to the commencement of this action. In January or February, 1858, one of the defendants forbade the further exercise of this right, but the plaintiff paid no heed to his objection.

In April following, the plaintiff sued in the Supreme Court to recover the rent due on the portion of the demised premises which the defendants continued to occupy. He alleged in his complaint the modified arrangement, and recovered judgment for the amount due on the basis of such modification.

The present suit was commenced in June, 1859, to recover, on the same basis, the sum of $137.50 for rent accruing in the year commencing on the 10th of April, 1858. The facts alleged in the complaint were controverted in the answer, but established on the trial. The only affirmative defense interposed, was the eviction of the defendants from a portion of the demised premises. No such eviction was found by the referee, and no facts are found which amount to eviction in law.

It is claimed that the exercise by the plaintiff of the privilege of piling his firewood on part of the store lot, after notice to discontinue the practice, was equivalent to an eviction. There is nothing in the findings to justify this conclusion. The act, at most, was a mere trespass, and amounted neither to an actual nor a constructive eviction. It is true that this defense may be established without proof of physical expulsion of the lessee from the premises; but it is equally true that an entry does not amount to an eviction, if the act, though

wrongful, be in the nature of mere trespass, not interfering with the substantial enjoyment of the premises. The remedy, in such a case, is by action against the lessor for the wrong. To work a suspension of the obligations of the tenant, under the lease, while his rights under it remain in full force, there must be an exclusion of the occupant from some portion of the premises demised, or a substantial and effectual deprivation of the beneficial enjoyment of the property in whole or in part. (*Edgerton* v. *Page*, 18 N. Y., 281, 284.)

If the law were otherwise, the most trivial trespass by the landlord would involve a forfeiture of his rights. By crossing the field of a neighboring lessee, or drawing water from his well, he would absolve his tenant from all obligations, leaving him in the unimpaired enjoyment of his rights for the term. The act complained of in the present case was of so trivial a character, that though an objection was made on a single occasion it was never repeated. No action was ever brought for the nominal damages resulting by legal presumption, and, though the alleged trespass preceded the commencement of the former suit on the same lease, it was not then interposed as a defense. If it were necessary, the respondent might properly invoke the application of the familiar maxim, "*de minimis non curat lex.*" But it is well settled that the wrongful acts of a lessor do not, in law, amount to an eviction, where there is neither an actual nor a constructive expulsion of the lessee from any portion of the premises demised. (*Harrison's Case*, Clayt., 34; *Roper* v. *Lloyd*, 1 Th. Jones, 148; *Bushell* v. *Lechmore*, 1 Lord Raym., 369; *Bennett* v. *Bittle*, 4 Rawle, 339; *Campbell* v. *Shields*, 11 How., 565; *Cram* v. *Dresser*, 2 Sandf., 120; *Mortimer* v. *Brunner*, 6 Bosw., 653; *Edgerton* v. *Page*, 18 N. Y., 284.)

It is urged in support of the appeal, that the oral agreement, under which the plaintiff resumed possession of a portion of the premises, was void under the statute of frauds. This objection is unavailing to defeat the plaintiff's recovery. The control of the defendants over the premises during the term of their lease, was perfect and absolute. They could rent them at pleasure, in whole or in part, to the plaintiff, or

to any one else.    They chose to relet a portion of the property to him, for a full and fair consideration.    The agreement was oral, and it therefore operated, under the statute, as a lease from year to year.    They might perhaps have terminated it, by a proper notice, at the expiration of the first year; but they made no such election.    They chose to continue it in full force; and having derived the benefit for which they had stipulated, in the reduction of their own rent, remitted the plaintiff to his action.    The answer in the previous suit ignored the alleged prior eviction, now interposed as a defense.    The judgment in that action is conclusive as to their then existing rights; and the facts found by the referee leave them equally without defense in the present suit.

The judgment should be affirmed with costs.

DENIO, Ch. J., DAVIES, WRIGHT, CAMPBELL and BROWN, JJ., concurred.

DAVIS, J., delivered an opinion for reversal, in which POTTER, J., concurred.

Judgment affirmed.