CHARLES CRASKE, APPELLANT, v. THE CHRISTIAN UNION PUBLISHING COMPANY, RESPONDENT.

*Verbal lease for more than one year — effect of entry under.*

An entry under a verbal lease for more than one year operates to create a tenancy from year to year.

APPEAL from a judgment, entered upon an order dismissing the complaint.

*Walsh & Eckerson,* for the appellant.

*William C. Beecher,* for the respondent.

BRADY, J. :

The defendant entered the demised premises under a parol agreement to take a lease for two years and a-half. After the entry which was in November, 1875, at the request of the defendant through its representative, the execution of the lease was deferred or suspended until there was a new election, which was to take place in the company, or something of that kind, and it seems to have been determined ultimately and before the 1st of May, 1876, namely, on or about the twenty-fourth March of that year that the lease would not be taken by the defendant.

The occupation by the defendant continued, however, until the first of May when an attempt was made to surrender the premises. The rent which was agreed upon when the contract for the lease was made was paid also up to the first of May, and this action was brought to recover the rent falling due on the first day of August succeeding. The first question presented is, what relation was established between the parties by the parol lease for two years and a-half, and possession under it ? The question is easily answered. The parol lease for a longer term than one year was void by the statute (2 R. S., 135, § 8), but operated so as to

create a tenancy from year to year. There is no doubt of this as a legal proposition. (*Dorr* v. *Barney,* 12 Hun, 259, and cases cited; *Lounsbery* v. *Snyder,* 31 N. Y. Rep., 514.) The consequence was that for one year from the 1st of November, 1875, the defendant was bound by the agreement made. (Id.)

The surrender suggested was by notice that it was not considered wise on the part of the company to renew the lease and, therefore, the notification. This was dated the 24th of March, 1876. On the first of May following keys were sent to the agents of the property with notice that the premises were surrendered, to which the response was given that the keys were received, and a suggestion made that an effort to rent the premises would be made if it was desired by the defendant. The defendant then removed from the premises, but left there several articles, large and small, which were not disturbed by the plaintiff. It also appears that Mr. King, who acted for the defendant, subsequently asked the plaintiff's agent if he could not rent them. These are the salient points of this question appearing in the case. Upon the conclusion of the plaintiff's evidence, nevertheless, the complaint was dismissed, and according to the appeal book, on the ground that there was no such use and occupation shown as contemplated by law. The dismissal seems to have been based upon the theory that the lease expired on the 1st of May, 1876, because there was no time agreed upon, the parol lease being void. This was error as we have seen. The statute only applies where no time is agreed upon (1 R. S., 744, § 1), which was not the fact here. When the agreement rests in parol and the time is agreed upon, but extends beyond one year, the term is limited to one year only, for which period the agreement is valid and binding under the statute and authorities (*supra*), though resting in parol. The relation of landlord and tenant existing, the form of the action was proper. (1 Rev. Stat., 747, § 23; Taylor's Landlord & Tenant, 229, cases cited.)

If the learned justice presiding at the trial held the surrender accomplished, it was error. (See Taylor L. & T., pp. 69, 70.) It is clear that no consent was given by the landlord to such a result.

For these reasons the judgment must be reversed.

INGALLS, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, J.

Judgment reversed.