(22 Misc. Rep. 333.)

## HUMES v. GARDNER.

(Supreme Court, Appellate Term.   January 17, 1898.)

LIABILITY OF TENANT—ABANDONMENT DURING TERM.

In order to justify a tenant of an apartment in vacating the premises pending the term, it is not enough for him to show that the janitor of the building was negligent in the performance of his duties, and disagreeable and annoying in petty matters in his relations with the tenant, and that the machinery for supplying water to the apartment had on several occasions broken down. Such facts fall far short of constituting an eviction.

Appeal from Sixth district court.

Action by James Humes against Alfred A. Gardner. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frank M. Tichenor and Benjamin Wright, for appellant.
William J. Kelly, for respondent.

DALY, P. J. The action was for one month's rent—$55—of an apartment in premises No. 148 East Thirty-Sixth street, leased to defendant at first for eight months, the lease being renewed in September, 1895, and again in September, 1896, for one year. Before the expiration of the second renewal, and in March, 1897, the tenant left the premises, claiming to have been evicted therefrom by acts of the landlord which deprived him of the beneficial use and enjoyment thereof. This action was for rent for the month of April, 1897. The grievance of the tenant, as formulated by his counsel on the trial, was that "it was impossible to live in the house on account of the conduct of the janitor, and that the landlord admitted the failings of the janitor, and promised to remedy them." The evidence disclosed negligence with respect to the lighting of the main hall and back stairs, restrictions in the supply of water from the tank, delay in answering the front door bell, negligence in receiving merchandise, disturbance of quiet in the manner of sending up coal in the dumb-waiter, inattention of the janitor, etc. The most serious complaint made by the tenant was with respect to an occurrence for which the landlord was not responsible, namely, a dangerous escape of gas into the apartment upon one occasion, owing to the want of proper precautions by plumbers working in the cellar.

In order to justify a tenant in quitting the demised premises, it must appear that the landlord consents or suffers acts to be committed which are an obstruction to the beneficial enjoyment of the premises, and make it necessary for the tenant to remove. It should appear that the landlord has persistently neglected his duty, and that the apartment thereby becomes unfit for occupancy. Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716. In the case before us the extent of the annoyances from the fault of the janitor, treating the defendant's evidence as true, and leaving out of view the denials on the part of the plaintiff, appears to be this: The gas in the main hall was not always lighted on winter afternoons as early as it should have been. The janitor or his wife failed on several occasions to answer

the front door bell.   On three occasions within two weeks the pump broke down, and the water from the tank had to be used sparingly, on one occasion the supply stopping completely for an hour and a half.   The lighting of the back stairs was frequently neglected, and on one occasion the fixtures were removed for two days.   On one occasion the janitor neglected to receive an important package from the druggist, and on one or more occasions compelled the milkman to leave the milk outside, and frequently sent the dumb-waiter up to the apartment with coal while the family was at breakfast, and persistently rang the bell until the coal was taken off.   It would probably be difficult to find in the annals of housekeeping—whether in a whole house or in an apartment—any case in which the family has not experienced, as ordinary incidents of housekeeping, quite as much inconvenience as the defendant here complained of.   The service which the landlord agreed to furnish could not be expected with unvarying regularity and precision.   It was to be supplied by means of ordinary domestic service, and the question whether the contract was performed is to be determined by reasonable rules.   If there was genally a substantial performance, and no evidence of an intent not to perform, or of a continuous failure to perform, then omissions which are not in their nature both serious and persistent will not prevent a recovery.   The inconveniences experienced by the defendant in this case were ordinary in their character, and fall far short of what may be deemed a deprivation of his beneficial enjoyment of the premises.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.