BERNARD McMAHON, Respondent, *v.* MARY HOWE, Appellant.

(County Court, Saratoga County, April, 1903.)

**Summary proceedings — Notice to tenant — " Re-enter " construed — Jurisdiction.**

> A notice served in summary proceedings by a landlord upon a tenant, in default for rent reserved in a lease, merely stating the amount due and that the relation of landlord and tenant has ceased and requiring the tenant to remove, is unauthorized as in such case the notice is required by Code Civ. Pro., § 2231, subd. 2, to be in the alternative, for payment of the rent or possession of the premises.
>
> A lease reserving to the landlord the right merely to " re-enter " on default entitles him to maintain ejectment against the tenant but not summary proceedings.
>
> A justice of the peace has no jurisdiction of an action of ejectment.

APPEAL from a judgment of the justice's court in favor of plaintiff.

Frederick B. Phillips, for appellant..

Ostrander & Salisbury, for respondent.

ROCKWOOD, J. A written lease was entered into by the parties hereto on or about March 30, 1901, by which the respondent leased to the appellant certain premises known as the " St. Nicholas Building " together with two barns, in the village of Schuylerville, N. Y., for the term of one year to commence on the 1st day of April, 1901, and to end on the 31st day of March, 1902, at an annual rent therein specified. The lease contained the following covenant: "And the party of the second part further covenants that if default be made in the payment of said rent or any part thereof at the times above specified, or if default be made in the performance of any of the covenants or agreements herein contained, the said hiring and the relation of landlord and tenant, at the option of the said party of the first part, shall wholly cease and determine and the said party of the first part shall and may re-enter said premises and remove all persons therefrom, and the said party of the second part hereby waives the service of any notice in writing of intention to re-enter, as provided by law or statute."

On December 3, 1901, the respondent, landlord, caused to be served upon the appellant, tenant, a notice in writing reciting the terms of the lease; that $100 of rent had accrued and remained unpaid; and notice was thereupon given " that the relation of landlord and tenant shall wholly cease and determine, and does hereby cease and determine, and I demand that you forthwith remove from the said premises and deliver the same to me as provided by said lease and as provided by law."

The terms of this notice not being complied with, respondent thereupon filed his verified petition with a justice of the peace of the town of Saratoga, praying that a final order should be granted to remove the said Mary Howe from said premises " according to the statute in such case made and provided." A precept was issued by the justice, directing the appellant to remove from the premises or show cause at a time specified why possession thereof should not be delivered to the petitioner. At an adjourned day the appellant made a special appearance by counsel and objected to the regularity of the proceedings and the jurisdiction of the court.

These objections were overruled, the defendant answered, a jury trial was had resulting in a verdict in favor of the petitioner, whereupon the justice entered judgment in favor of the respondent, awarding him the possession of the premises described in the petition with seven dollars and eighty cents costs. From this judgment the defendant, Mary Howe, has appealed to this court.

At the outset it appears that the landlord relied upon the terms of his lease. The notice served by him was not in the alternative, requiring the payment of the rent within three days or the possession of the property, but it in terms treated the default as a termination of the relation of landlord and tenant. Section 2231 of the Code of Civil Procedure prescribes the form of notice to be given where a tenant holds over without the permission of the landlord after a default in the payment of rent and it is clear that the notice given in this case did not conform to the requirements of that section. The notice prescribed by section 2236 is not applicable here because the appellant was neither a tenant at will nor at sufferance.

Regardless, however, of the form of the notice or of any defect therein, it is doubtful if the landlord, under his lease, was legally entitled to maintain summary proceedings for the recovery of the possession of his property. The lease as above quoted reserves to him the right to " re-enter." This right has been fully construed and elucidated in Michaels v. Fishel, 169 N. Y. 381. In that case the court considered whether the word " re-enter " in addition to its technical common-law meaning included also the right to remove the lessee by summary proceedings. It was held, in substance, that the word " re-enter " at common law simply invests the landlord with the right to maintain ejectment, and that this rule has not been changed by statute. It is true that this decision was reached by a divided court, but, until modified or distinguished, it is nevertheless controlling upon this appeal. The principal therein established is clearly applicable to the case at bar, because the lease does not save to the landlord the right to institute summary proceedings, and the word " re-enter " in the lease must be given its full legal definition and significance. Hackett v. Richards, 13 N. Y. 138; Van Rennselaer v. Jewett, 2 id. 141.

The Code of Civil Procedure (§§ 1496 *et seq.*) defines the remedy by an action of ejectment and prescribes the procedure.

It is not an action of which a justice of the peace may take cognizance and the justice was, therefore, without jurisdiction to enter the judgment against this defendant.

Various other interesting questions are suggested by the record in this case but will not be discussed, as the decision already reached precludes the necessity of so doing.

The judgment appealed from must be reversed, with costs to the appellant against the respondent.

Judgment reversed, with costs to appellant against respondent.