### FLEISHAUER et al. v. BELL.

(Supreme Court, Appellate Term. June 23, 1904.)

1. LANDLORD AND TENANT—NONPAYMENT OF RENT—DISPOSSESSION—SUMMARY PROCEEDINGS.

The fact that a lease provided for re-entry by the landlord on nonpayment of rent did not preclude the landlord from maintaining summary proceedings to recover possession for rent in arrears.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Summary proceedings to recover leased premises by Jacob Fleishauer and another against Eugene C. Bell. From an order granting plaintiffs an order for possession, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Rosenthal & Brown, for appellant.
Wasserman & Jacobus, for respondents.

MacLEAN, J. The final order herein in summary proceedings for nonpayment of rent was proper, for at the time the proceedings were instituted there was at least a balance due and unpaid. The contention that summary proceedings for nonpayment of rent may not be· maintained by a landlord when the lease provides for re-entry is without basis in law, for the case of McMahon v. Howe, 40 Misc. Rep. 546, 82 N. Y. Supp. 984, so holding, has incorrectly interpreted the Court of Appeals in Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425, wherein it was determined merely that ejectment is the proper action for re-entry, when the lease provides for re-entry and reletting, if posses-

sion and right to a deficiency from reletting on account is sought; but, if possession is acquired by means of summary proceedings, the lease, and so the relation of landlord and tenant, is terminated, and the right to relet on account is lost.   The final order must be affirmed.

Final order affirmed, with costs.   All concur.