Fbank A. Gulotta, J.
This is an action for rent and damages in which the defense pleaded is constructive eviction.
The defendant who was a tenant in one of plaintiff’s stores on Broadway, Hicksville, claims that leaks at the show windows and also water driving under the front entrance door during rain storms, damaged some of his merchandise and rendered the premises untenantable.
This was a five-year lease which commenced on August 1,1952. The tenant was in possession for about three years when he vacated the premises at the end of September, 1955. He testified that the premises leaked for almost the entire time of his occupancy and that the landlord made no attempt to correct the condition, although he continuously complained about it. If this was true, a three-year wait before claiming an eviction would bar relief in any event. (Goldberg v. Lloyd, 110 N. Y. S. 530 [App. Term].) However, the landlord says that when a complaint was made in 1954 he caused an investigation to be made as a result of which the awning box was caulked and other *230 minor adjustments made costing $35 and that there were no further complaints.
I find the defendant’s story unworthy of belief and that his abandonment of the premises was for reasons unconnected with the alleged water condition, which had been corrected long before the defendant’s default. Furthermore there never was any substantial deprivation of the beneficial enjoyment of the demised premises sufficient to constitute a constructive eviction.
If this was defendant’s seriously maintained position at the time of the occurrence and not an afterthought in an attempt to justify a wrongful breach of the lease, it is hard to believe that he would not have made a written record of his demand at least once. Yet he admits he never made a written complaint of any kind, and moved out without ever having served the landlord with an ultimatum to fix the windows, although the lease still had two years to run and involved a very substantial liability of $325 per month.
The burden of proving the facts upon which to base a conclusion of constructive eviction is on the tenant, yet no proof was offered as to the source of the water leak and he admits that he never had anyone even look at the windows during the entire three years of his occupancy, notwithstanding that under paragraph 5 of the lease, the general duty to repair is placed upon the tenant.
Although the pleadings do not present the issue, the case was tried on the theory that the plaintiff had breached some duty to the defendant to re-rent the store more promptly than he did.
Aside from the fact that the landlord appears to have made a reasonable effort to re-rent the premises, the law is well settled that the usual obligation to minimize damages has no application to a contract of leasing (Gray v. Kaufman Dairy & Ice Cream Co., 9 App. Div. 115,119; Sancourt Realty Corp. v. Dowling, 220 App. Div. 660) and therefore there can be no breach of a nonexistent duty.
Clause No. 23 of the lease gives to the landlord the privilege of re-renting as distinct from a duty to rent and further specifically provides that the ‘1 Landlord shall in no event be liable in any way whatsoever for failure to re-let the demised premises ”.
The damages were sufficiently proved in the amount of $4,711, with interest from July 31, 1957, and judgment is granted in that amount.
The findings contained herein constitute the findings in accordance with section 440 of the Civil Practice Act.
Settle judgment on notice.