John A. Monteleone, J.
This is an action for rent in the sum of $517.50 for the months of October, November and December, 1960, arising out of a lease expiring September 30, 1962. The month of December, 1960 was included by motion granted, without objection to amend the complaint at the commencement of trial. The defendants moved to amend their answer to include the affirmative defense of constructive eviction and also to include a counterclaim in the sum of $345, representing security deposited under this lease between the parties. Without objection, defendants’ motions were granted.
The main issue concerns defendants’ affirmative defense of constructive eviction. The defendants ’ entered into a lease with plaintiff, dated May 12,1959 for a period beginning July 1,1959 and expiring September 30, 1962. The lease covered a luxury apartment and the rent payable is $172.50 per month. Defendants’ moved out of the apartment during the latter part of September, 1960.
Defendants’ contention is that water dripping within and along the top frame of a metal door, leading to the entrance of the apartment and also within its metal framing rendered the premises untenantable.
*465 Defendants were in possession three or four months when the first complaint was made about September, 1959. The defendant, Walter Ebel testified that he saw “ beads of water ” coming down from the top of the door frame. This defendant also testified that from about June, 1960 to September, 1960, when he moved out, the condition continued practically on a daily basis. The water dripping took place in fair weather and in rainy weather. The water dripped down the metal framing causing a puddle of water to form near this entrance door, necessitating that it be mopped up three or four times a day. If a person entered the apartment he had to take a big step to avoid the puddle of water. One, Maxine Rote called by defendants testified that on two occasions she was called by defendants and saw water on the floor near the entrance door.
Plaintiff’s superintendent, Rocco Spango, testified that on the occasion of the first complaint in September, 1959, he went to defendants’ apartment. The witness chopped out the portion above the top of this metal door and found nothing. The plaster around the door was dry. The superintendent also testified that there was no plumbing near the area complained of. Also that there are 10 apartments, including defendants’, on the top floor and none of the other 9 tenants have ever complained of any water or moisture. This witness admitted that when called to defendants’ apartment he found some water near the entrance of the door but could not determine how it got there.
In August, 1960, one Ellison Schwartz, a roofer who had installed the original roof shortly before defendants’ moved into this new apartment building was called to the premises. He testified that he went into defendants’ apartment and examined the area surrounding this door. That ho went on the roof above and found the roof and nearby leader sound and without leaks. That there were no signs of water damage from the roof.
The burden of proving facts upon which to base a conclusion of constructive eviction is upon the defendants, yet no proof was offered as to the source of the alleged water leak (Kanner & Sons v. Abramowitz, 17 Misc 2d 229). I find that defendants’ have not met this proof.
To constitute a constructive eviction, the deprivation must be substantial and effectual. Not every deprivation of the beneficial enjoyment of the property in whole or in part amounts to a constructive eviction. (Lounsbery v. Snyder, 31 N. Y. 514; Bromberger v. Empire Flashlight Co., 138 Misc. 754.) In Seaboard Realty Co. v. Fuller (33 Misc. 109, 110) the court said: “ To constitute a constructive eviction, there must be an inten *466 tional and injurious interference by the landlord, which deprives a tenant of the beneficial enjoyment of the demised premises, or materially impairs such beneficial enjoyment. An eviction depends upon the materiality of the deprivation. If trifling, and producing no substantial discomfort or serious inconvenience, it will be disregarded, and will not afford cause for termination of the relation of landlord and tenant.”
I find that there never was any substantial deprivation of the beneficial enjoyment of the demised premises sufficient to constitute a constructive eviction.
I conclude, therefore, that plaintiff is entitled to judgment in the sum of $517.50, with interest and that defendants ’ counterclaim is dismissed without prejudice as prematurely brought and that judgment be entered accordingly.