Richard J. Sherman, J.
This summary proceeding was tried before the court under the provisions of article 83 of the Civil Practice Act to recover possession of certain demised real property, together with a judgment against the tenant for rent in arrears and unpaid, which rent consists of a stipulated monthly payment, plus water taxes and assessments, increased taxes and expenses of occupancy, as allegedly provided in a certain written lease.
The petition alleges the execution by the tenant of a written lease covering the premises for a period of 10 years, from the 1st day of January, 1947, expiring on the 31st day of December, 1956, and the subsequent purchase of the demised premises by the petitioner herein, subject to said lease.
The lease provided an annual rental of $600 to be paid by the tenant in monthly installments of $50 on the first day of each month in advance, and in addition thereto that the tenant shall pay all water taxes and assessments and all other expenses of his occupancy. It further provided that in case of the increase of the assessed valuation of the demised premises, the tenant shall pay any additional taxes in excess of the taxes for the year 1946.
The lease contained the further provision that in the event of default in the payment of said rent, or any part thereof, said lease, at the option of the landlord shall cease and determine, *999 and the landlord may re-enter the premises and remove all persons therefrom.
The petition further alleges that the tenant defaulted in payment of the stipulated monthly rent of $50 which "became due and payable on the 1st day of January, 1955, and has also defaulted in payment of each subsequent installment to and including the installment which became due and payable on the 1st day of September, 1956, and has also defaulted in payment of the water taxes and assessments since the 10th day of February, 1949, and has failed to pay increased rent by reason of an increase in the taxes amounting to $772.35 and has defaulted in the payment of the expenses of occupancy of said premises amounting to the sum of $1,000.
At the conclusion of the petitioner’s case, this court granted the motion of the defendant to dismiss that portion of the petition relating to taxes and assessments and increased taxes, for failure of proof.
The defense sets forth a denial, constructive eviction and that the landlord waived the additional rent by failing to demand it and that the Statute of Limitations had run against a portion of the rent.
The memorandum of law submitted by the defendant sets forth that the court does not have jurisdiction of the subject matter:
A—As the tenant had abandoned the premises prior to the commencement of this proceeding,
B — Under subdivision 1 of section 1410 of the Civil Practice Act, and
C — Under subdivision 2 of section 1410 of the Civil Practice Act.
The defendant also states that the court has no jurisdiction of the demand for taxes or assessments, and increased taxes, and that portion of the petition relating thereto is dismissed.
The defendant also avers that the court does not have the power to award damages in this proceeding.
It will be necessary to relate the facts to some extent.
There is very little dispute as to the facts. It was proven and not denied on the trial that the petitioner was the owner of the premises and of the landlord’s interest in the lease; that the tenant was in possession of said premises by virtue of the lease and occupied the premises as a printing plant; that the tenant had installed and maintained large printing presses and other machinery and equipment therein, and that the tenant defaulted in payment of the stipulated monthly installment of rent which became due and payable on the 1st day of January, 1955, and *1000 that he has not paid any rent since. It is also undisputed that the tenant has not paid any water taxes or assessments or any portion of the increased taxes since the landlord purchased the premises in 1947. It was also proven and not disputed that the tenant has refused to pay the sum of $885 damages to the premises, constituting the expenses of his occupancy.
In or about the month of September, 1954 the tenant contracted with one Henry Mezara for the removal of the tenant’s printing plant including the large presses and machinery from the demised premises to other premises owned by the tenant. In order to remove the large presses and machinery intact and to save the trouble and expense of dismantling them and then reassembling them at the new location, the tenant sought and received the consent of the landlord to make a large opening in one of the outside walls of the demised premises and thereafter to close the opening, all at the expense of the tenant.
After the opening had been made in the wall, the landlord made an agreement with the contractor, Mezara, to leave the opening for the purpose of the installation of an overhead door by the landlord! The opening at first was covered by a canvas tarpaulin, which later was replaced by plywood until the overhead door was ultimately installed.
The agreement to take over and restore the opening was made by the landlord and the contractor. Defendant contends that nothing was done by the landlord to restore the opening although the tenant continued to pay the monthly rent for November and December, 1954.
The testimony indicates there were several discussions between the parties, but that from December on, the premises were abandoned by the tenant.
This proceeding was commenced by the service of a notice on the tenant on September 14, 1956, almost two years after the tenant quit the premises, containing the statement that the landlord ‘ ‘ hereby does cancel and terminate said lease pursuant to the terms and provisions thereof, on the 20 day of September, 1956, because of your default in the payment of rent as provided in said lease ”.
The testimony indicated that the tenant abandoned the premises early in 1955. Before the proceeding was instituted, the tenant, by his attorney notified the attorney for the landlord by letter that the tenant was no longer in possession of the premises, having been evicted by the acts of the landlord.
In Warrin v. Haverty (149 App. Div. 564) the court in reversing the Appellate Term said at page 567:£1 We are of the opinion that the court was without jurisdiction to make the order, for *1001 the uncontroverted evidence shows that the tenant was not in possession at the time the proceeding was instituted and was not holding over or claiming any rights as a tenant of the premises. It is essential to the jurisdiction of the court to entertain a summary proceeding and to make a final order therein that the tenant should be in possession.”
The petitioner’s proof was that the tenant had left materials in the building, but there can be no question in view of the discussions between the parties, that it was well known the tenant had removed his machinery and business to another location.
Subdivision 1 of section 1410 of the Civil Practice Act refers to a holding over and a continuance in possession of the demised premises by the tenant after the expiration of his term without the permission of the landlord.
Subdivision 2 of section 1410 of the Civil Practice Act refers to a holding over by the tenant, with or without the permission of the landlord after a default in the payment of rent, pursuant to the agreement.
Subdivision 3 of section 1410 of the Civil Practice Act refers to a holding over and a continuance in possession of the premises, after default in the payment, for 60 days after the same shall become payable, of any taxes or assessments levied on such demised premises which the tenant has agreed in writing to pay pursuant to the agreement.
Carmody-Wait Cyclopedia of New York Practice (vol. 14, p. 259, § 11) states:
‘ ‘ A landlord may maintain a summary proceeding to remove a tenant or lessee at will, or at sufferance, or for part of a year, or for one or more years, of real property, including a specific or undivided portion of a house or other dwelling, as well as his assigns, undertenants, or legal representatives, upon alleging and proving that (1) the party sought to be removed is a tenant, (2) who is in possession of the real property involved, and (3) who is holding over after the expiration of his term (4) without the landlord’s permission.”
‘ ‘ A condition, as known in the law of realty, is a qualification or restriction annexed to a conveyance of land whereby it is provided that in case a particular event does or does not happen, or in case the grantor or grantee does, or omits to do, a particular act, an estate shall commence, be enlarged, or defeated. This definition applies equally as well to conditions in leases.” (14 Carmody-Wait, New York Practice, p. 260, § 13; Munro v. Syracuse, Lake Shore & Northern R. R. Co., 200 N. Y. 224; Beach v. Nixon, 9 N. Y. 35.)
*1002 ‘6 A conditional limitation is a restriction or qualification annexed to a conveyance of land, or a lease, providing that the estate is granted subject to a limitation, which is future and contingent on the happening of which the conveyance, or the lease, is thereupon to expire instantly, by the express terms of the instrument creating it.” (14 Carmody-Wait, New York Practice, p. 262, § 14.)
There can be no question that where a lease provides for the expiration of the lease upon the lapse of time fixed in a notice which is set in motion by the landlord because of a prior breach of the lease, summary proceedings will lie. The limitation here is the occurrence of an event with notice of its occurrence.
Upon the breach of a condition (not a conditional limitation), the term does not ipso facto end. The term continues after the breach until the landlord elects to exercise his right of forfeiture, but in the law, there is only one way in which this election can be manifested and that is by actual re-entry. (Beach v. Nixon, supra.)
There is no proof in this case of such re-entry. Furthermore, there is no proof that the tenant was in possession of the demised premises.
The notice was defective in that it failed to require in the alternative the payment of the rent or the possession of the premises. (McMahon v. Howe, 40 Misc. 546; 14 Carmody-Wait, New York Practice, pp. 297-298.)
The proof is that the tenant had abandoned the premises prior to the service of the notice by the landlord. This summary proceeding is based on the fact that the tenant was a holdover and continued in possession of the premises. A landlord must allege, under these circumstances that the tenancy expired by lapse of time and not by breach of condition. (Riesenfeld, Inc., v. R-W Realty Co., 223 App. Div. 140; Beach v. Nixon, supra; Kelly v. Varnes, 52 App. Div. 100; Pitman v. White, 138 Misc. 556.)
On the question of constructive eviction, it will not be necessary to pass upon this point at this time, although defendant has submitted several citations including: Schulte Realty Co. v. Pulvino (179 N. Y. S. 371); Ben Har Holding Corp. v. Fox (147 Misc. 300); Bromberger v. Empire Flashlight Co. (138 Misc. 754); Sully v. Schmitt (147 N. Y. 248); Real Property Law (§ 227).
Taking all of the facts and law into consideration, this court is constrained to hold that a summary proceeding does not lie in the present case.