S. Reymart Alter, J.
The plaintiff and the defendant, a physician, entered into an agreement in writing whereby the defendant leased space located in Florida, for a period of five years, beginning March 1, 1961 and ending February 28, 1966, under the following terms and conditions. The total rental for the entire period is in the sum of $15,180, payable in equal monthly installments of $253. Defendant deposited with the *381 plaintiff the sum of $759 “ to he applied for the 58th, 59th and 60th months of this lease ”.
Defendant paid rent for four months and then abandoned the rented space. Neither in the answering affidavit submitted in opposition to plaintiff’s motion for summary-judgment, nor in the memoranda of law submitted on behalf of defendant is there to be found the slightest suggestion of excuse or justification for this willful abandonment and breach.
During the fifth, sixth, seventh and eighth months of this five-year term, the abandoned space remained vacant. With the beginning of the ninth month, a new tenant rented from the plaintiff landlord the subject space, under a lease for five years beginning November 1, 1961 and ending October 31, 1966, at a rental payable in equal monthly installments of $220. At the time of the commencement of this action the new tenant had paid the lesser rental for a period of 15 months, from November 1, 1961 through January 31, 1963.
Plaintiff in this action seeks to recover the sum of $10,000, as follows:
$15,180, the entire 5 years lease rental; less 1,012; the four (4) monthly installments paid; less 759, the security covering the 58th, 59th and 60thmonths; less 3,300, the rent collected from the new tenant for fifteen (15) months @ $220 per month,
waiving the sum of $109 to come within this court’s jurisdiction, the total credits conceded by plaintiff to defendant being $5,071 against the sum of $15,180, the rent agreed upon for the full term of the lease.
Plaintiff relies upon the following provisions of the lease:
“ The entire rental for this period to be $15,180 * * * Should said rent herein provided at any time remain due and unpaid for a space of five days after same shall become due * * * the entire rent for the remainder of the entire term shall at once become due and payable ” (1).
“ That if the lessee shall not pay the rents herein reserved at the time and in the manner stated * * * the lessor may, at lessor’s option * * * elect to declare the entire rent for the balance of the term, or any part thereof, due and payable forthwith, and may proceed to collect the same by distress or otherwise * * * or else the lessor may take possession of the premises and rent the same for the account of the lessee, the exercise of any of which options herein contained shall not be deemed the exclusive lessor’s remedy; the expression ‘ entire rent for the balance of the term ’ as used herein, shall mean all *382 of the rent prescribed to be paid by the lessee unto the lessor for the full term of the lease, less, however, any payments that shall have been made on account * * * pursuant to the terms of said lease ” (9).
Plaintiff’s brief in support of motion for summary judgment summarizes his position as follows:
‘ ‘ In short, the plaintiff is now entitled to collect from the defendant $10,000. with interest from July 7, 1961; but on payment of that sum by the defendant, the plaintiff will be under a legal obligation to pay over to the defendant all the net rent hereafter collected by the plaintiff for those premises.
‘ ‘ All that the plaintiff is asking is the enforcement of the lease according to its plain and unambiguous terms. The defendant would like to ignore the plain terms of the lease. The plaintiff seeks no unjust enrichment, and will account to the defendant for all net rent hereafter collected.
“ The plaintiff has but one cause of action against the defendant, which is indivisible ”.
Defendant urges, among other points, that plaintiff in renting to a doctor of medicine, has breached a provision of the lease sued upon herein; that plaintiff’s renting to the second tenant for a longer term than existed in the original lease between the parties constituted a surrender and acceptance as a matter of law, relying upon Koblin v. Green (265 App. Div. 972); Kanter v. Safran (68 So. 2d 553 [Fla.]) and Hyman v. Cohen (73 So. 2d 393 [Fla.]).
Both sides agree that the law of Florida governs the respective rights in this controversy. Examination of the Florida cases cited by both sides and independent research force the conclusion that there is no controlling decision determinative of the controversy herein; indeed, the Supreme Court of Florida, in Kanter v. Safran (supra, p. 560) after discussing general principles of applicable law, concluded that each case is to be decided upon the particular facts therein, the question for solution always being ‘‘ whether the lessors have elected to renounce their declared intention to re-let for the account of the lessees
In New York, presumably also in Florida, “ the law is well settled that the usual obligation to minimize damages has no application to a contract of leasing (Gray v. Kaufman Dairy & Ice Cream Co., 9 App. Div. 115, 119; Sancourt Realty Corp. v. Dowling, 220 App. Div. 660) ” (Mark Kanner & Sons v. Abramowitz, 17 Misc 2d 229, 230). Defendant has raised no contention to the effect that plaintiff may not be entitled to recover the full rental stipulated in the lease for the period of four months *383 beginning July 1, 1961 and ending October 31, 1961. Plaintiff, therefore, is entitled to recover at least the four installments, each in the sum of $253, with interest from the day such installment fell due, viz., July 1, 1961, August 1, 1961, September 1, 1961 and October 1,1961.
The rule enumerated in Koblin v. Green (supra) to the effect that where a landlord relets premises, after abandonment by a first tenant, to a second tenant for a longer term than that of the original lease and where such reletting by the landlord is done as principal and not as agent of the tenant, there is a surrender and acceptance as a matter of law and the liability of the first tenant is limited to the rent which accrued between the date of his abandonment and such reletting. This rule should not be applied herein in view of the pronouncement of the Supreme Court of Florida, in Kanter v. Safran (supra) that the facts in each case must be weighed to ascertain whether the lessor had elected to renounce his intention to relet for the account of the lessee. Nothing has been presented to show any intention on the part of the plaintiff herein to effectuate a renunciation of intent to relet for the account of the lessee defendant herein. It seems unlikely that the Florida courts would hold that the mere voluntary renting to a second tenant for a longer term and a moderately lesser rental, while reducing defendant’s liability without more would constitute a surrender, and acceptance as a matter of law. The legal fiction of the landlord reletting as the agent of the tenant who has abandoned and breached has been defined by Cabdozo, Ch. J., in Hermitage Co. v. Levine (248 N. Y. 333, 337): “ The provision that the landlord may relet as the agent of the tenant after the termination of the lease does not mean that he is an agent in the strict sense. Plainly, he is not, for after the termination of the lease, what he relets is his own. The privilege to relet as agent for the former tenant means this and nothing more, that the reletting shall be evidence of the damages sustained * * * The damages, when the time to ascertain them comes, will be computed upon the basis of what is realized through the reletting without the evidence of value.”
“ [R]ealized through the reletting without the evidence of value ” requires holding that the plaintiff is entitled to recover the sum of $33 for each and every month beginning with November 1,1961 through November 30,1965 (plaintiff having received prepayment of rent from December 1, 1965 through February 28, 1966) with interest from the date each of the installments fell due until the date of the entry of the order herein. However, defendant must be credited, as of the date of the entry of the *384 order herein, with the interest calculated at 6% per annum for the prepayment of each such differential of $33 measured against the date each such installment would fall due until November 1, 1965, after the entry of the order herein. The parties may stipulate in the proposed order the interest deduction set forth above.
It is difficult to imagine that the defendant might have expected to be immune to liability after his intentional breach so early in the life of this lease, or that he might have expected that the plaintiff not attempt to mitigate damages or that the plaintiff be compelled to wait until after the entire term of the original lease shall have expired before commencing his action for loss resulting from defendant’s actions.
The above-quoted reasoning in Hermitage Co. v. Levine (supra) requires also that the computation of damages applies likewise against the plaintiff’s claim for the full rental subject to the offer of an accounting after February 28, 1966, the rule that ‘ ‘ damages, when the time to ascertain them comes ’ ’ requires the same yardstick of $33 per month, regardless of what may happen to the second tenant, for it is the plaintiff who has elected to have the damages ascertained as of the date of the commencement of this action. To allow plaintiff the full rental for the balance of the entire term subject to a subsequent accounting, would in addition to creating another controversy, surely subject defendant to the risk of “ a loss which is wholly disproportionate to the injury” (Pomeroy, Equity Jurisprudence [5th ed.], § 433, p. 207, quoted with approval by the Supreme Court of Florida in Hyman v. Cohen, supra, p. 399) which plaintiff is likely to sustain. A judicial determination should terminate litigation and not serve as a springboard for new controversy.
Defendant’s contention that plaintiff had breached a provision of the subject lease by reletting to a doctor of medicine would seem to be without merit for the reason that the purpose of that provision had evaporated with the defendant’s abandonment of the leased premises.
The prepayment by defendant of the rent for the 58th, 59th and 60th months requires no attention herein, as neither party has gained or suffered therefrom.
No other claim has been advanced by plaintiff concerning damage sustained as a result of defendant’s wrongful breach.
Accordingly, summary judgment is granted in favor of the plaintiff as set forth above.