Joseph Slavin, J.
In this action for rent and expenses of rerenting an apartment, the defendant. (tenant) moves for summary judgment dismissing the complaint. The plaintiff has requested that summary judgment be awarded it, pursuant to CPLR 3212 (subd [b]).
The defendant was a tenant in plaintiffs apartment house complex under a lease dated April 4, 1968 and thereafter extended, pursuant to agreement dated July 10, 1975, for a period July 1, 1975 to June 30, 1977. The monthly rental was $494.41, plus garage rental of $21.22 per month. On September 8, 1975 she notified the landlord that she would "move * * * within the next 90 days,” and requested it to make "every effort to rent my apartment within this time.” The management offered to release her from the lease upon terms, as set forth in a memo back to her on October 1, 1975. She did not accept the proposal and vacated the apartment on November 1, 1975.
The apartment and garage was rerented, effective February 1,1976.
The landlord now sues (first cause of action) for rent covering November, December and January, a total of $1,476.96 (how they arrive at this figure I do not know, since three times $494.41 is $1,483.23) for the apartment; (second cause of action) rent for the same period of $63.39 for the garage, plus (third cause of action) costs and expenses of $969.29 incurred in the rerenting process.
The defendant sets forth her basis for summary judgment *609 dismissing the complaint in the moving affidavit of Michael S. Harris to be "purely a question of law.” He claims that as a matter of law a landlord is under a duty to mitigate damages, and because plaintiff did not attempt to rerent the apartment until October 31, 1975, it is precluded from seeking these damages.
In support of this position, the defendant relies upon a "new rule” expressed in Parkwood Realty Co. v Marcano (77 Misc 2d 690), where Judge Bentley Kassal, temporarily assigned to this court in 1974, said that there was a requirement to mitigate the tenant’s damages in a situation such as here. The landlord, in support of its cross application, refers the court to a decision by Mr. Justice Frank A. Gulotta, then in the Supreme Court, Nassau County, in Mack Kanner & Sons v Abramowitz (17 Misc 2d 229, 230) and Rasch, NY Landlord & Tenant (2d ed, § 875), which states that "the law is well settled that the usual obligation to minimize damages has no application to a contract of leasing.” This rule was reaffirmed, citing the Mack Kanner case in Green v Beacher (39 Misc 2d 379, affd 42 Misc 2d 328).
In reviewing all of the cases cited by both parties, this court contrary to the opinion of Judge Kassal (Parkwood Realty Co v Marcano, supra p 691) that "there is no longer good reason” to follow the existing rules, believes that the law as stated both in the Mack Kanner and Green cases (supra) should be followed. (In the court’s review of the cases, we do not find any reported case that adopts Judge Kassal's suggestions for a change in the law. Such a change, if a change is warranted, should be made either by our appellate courts or the Legislature.)
Accordingly, the motion is disposed of as follows:
(1) As to the first cause of action for apartment rent, summary judgment is granted in favor of the plaintiff as against the defendant, and judgment may be entered for $1,476.29 as demanded in that cause of action, with appropriate interest calculations for each month, against which the defendant is to be given credit for her security (which I presume has not been released to her) of $494.41, plus accrued interest.
(2) As to the second cause of action for garage rent, both motions are denied. Here we are not dealing with the rule of law discussed above. The landlord will be bound by the rules applying to contracts in general.
*610 (3) As to the third cause of action for rerental expenses, both motions are denied. There is nothing on the landlord’s papers which detail these items of expense from which the court can determine their necessity or reasonableness.
(4) The action is severed as to the second and third causes of action and they may proceed.