Betsey Sully, Respondent, *v.* Henry Schmitt, Appellant.

1. Landlord and Tenant — Eviction. A physical eviction is not necessary to exonerate the tenant from payment of rent; but such exoneration follows when the landlord's acts, though not amounting to a physical expulsion, are, nevertheless, of so pronounced and offensive a character as to create a nuisance, which, by preventing the reasonable use by the tenant of the premises, affects directly the consideration of the contract between them.

2. Constructive eviction. The facts — that the tenant of a ground room in a building, without a previous opportunity for examination, discovered, after the execution of his lease and taking possession, an open sewer under the leased premises, into which offensive matter dropped from closets in the adjacent portion of the building, which was occupied as a hotel by his landlord; that this sewer was insufficient to carry off the deposit; that the tenant endeavored to remedy the offense by cleaning out the sewer from time to time; that the landlord not merely made no change in the construction of the sewer, but continued to maintain it in an offensive condition by suffering it to be re-filled from the adjacent premises as often as the tenant cleaned it; and that from this open sewer came a stench which was a nuisance and disagreeable and which rendered the occupation of the leased premises dangerous to life — suffice to constitute an eviction at law, warranting an abandonment of the premises and working an exoneration from payment of rent thereafter.

3. Lease — Covenants. Covenants in a lease, on the part of the tenant, to maintain the leased premises in good repair and in a cleanly condition, do not extend to a nuisance created by a stench from sewage arising upon the landlord's adjacent premises and because of the landlord's neglect.

4. Landlord and Tenant — Abandonment. The defense of abandonment and surrender of the premises, upon the ground that they were

untenantable and dangerous to life and health, interposed in an action for rent, is made out by evidence that, during the tenant's occupation, his landlord was guilty of affirmative acts, which caused a nuisance, of a nature dangerous to life or health and against which the tenant was remediless by the performance of any acts called for by his own covenants; and it is not necessary that the tenant should have been induced to enter into the lease by the misrepresentation or fraud of the landlord.

5. EASEMENT IN SEWER. Although a landlord may have a right, in the nature of an easement, to continue the use of a sewer running from premises occupied by him to and under adjacent premises leased by him to another, this right does not permit him, by an abuse of it, to so injuriously affect the tenant's possession as to make it impossible or unsafe for the tenant to continue in occupation.

(Argued October 8, 1895; decided October 15, 1895.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made December 28, 1891, which directed judgment for plaintiff upon a verdict directed at a Trial Term on exceptions ordered to be heard in the first instance at General Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Seward A. Simons* for appellant. The exclusion of the evidence that the demised premises became untenantable and dangerous for occupancy by reason of the use made by the plaintiff of the open sewer was improper, and the exception was well taken. (*Dyett* v. *Pendleton,* 8 Cow. 728; *Edgerton* v. *Page,* 20 N. Y. 281; *Tallman* v. *Murphy,* 120 N. Y. 345; *H. L. Ins. Co.* v. *Sherman,* 46 N. Y. 370, 372; *Boreel* v. *Lawton,* 90 N. Y. 297; *Cowrie* v. *Goodman,* 9 C. & P. 378; *Collins* v. *Barrow,* 1 Mood. & Rob. 112; *Kirkham* v. *Jervis,* 7 Dowl. 678; *Smith* v. *Marble,* 11 M. & W. 5; *W. S. S. Bank* v. *Newton,* 57 How. Pr. 152; 76 N. Y. 616; *Rogers* v. *Ostrom,* 35 Barb. 523; McAdam on Landl. & Ten. 478, 479; *Bohan* v. *G. L. Co.,* 122 N. Y. 18; *Mack* v. *Patchen,* 42 N. Y. 169; *Tone* v. *Brace,* 11 Paige, 556; *People ex rel.* v. *Gedney,* 10 Hun, 151; *Christopher* v. *Austin,* 11 N. Y. 216.) The refusal of the court to allow the defendant to go to the jury on the question of a valid surrender of the demised prem-

ises was improper, and the exception was well taken. (*Edgerton* v. *Page*, 20 N. Y. 284.) The direction by the court of a verdict in favor of the plaintiff for the amount of rent claimed was improper, and the exception was well taken. (2 N. Y. Supp. 153; *Sully* v. *Schmitt*, 11 N. Y. Supp. 694.)

*Adelbert Moot* for respondent. The pleadings, the undisputed facts, and the provisions of the written lease compelled the court to sustain the objections of the plaintiff to the proposed defense which the defendant offered to establish; and, as no other defense was established, the court properly directed a verdict for the plaintiff. (*Long* v. *Warren*, 68 N. Y. 426; *Franklin* v. *Brown*, 118 N. Y. 110; *Edwards* v. *McLean*, 122 N. Y. 302; *Daly* v. *Wise*, 132 N. Y. 306; Laws of 1860, chap. 345; 4 R. S. [8th ed.] 2459; *Suydam* v. *Jackson*, 54 N. Y. 450; *Butler* v. *Kidder*, 87 N. Y. 99; *Lockrow* v. *Horgan*, 58 N. Y. 635; *Gilhooley* v. *Washington*, 4 N. Y. 217; *Ahearn* v. *Steele*, 115 N. Y. 209; *Wilson* v. *Deen*, 74 N. Y. 531; *Eighmie* v. *Taylor*, 98 N. Y. 288.) The premises leased by defendant being part of the Fillmore Hotel, which was being used in the same way by the plaintiff when the lease was made, the plaintiff had a right in the nature of an easement to continue this use; and the defendant was bound by his lease to permit this sewer to be so used, and to keep this sewer in a cleanly and healthful condition. (Washb. on Ease. [1st ed.] §§ 25, 208; *Pyer* v. *Carter*, 1 H. & N. 916; *Watts* v. *Kelson*, L. R. [6 Ch.] 166, 171; *Lampman* v. *Milks*, 21 N. Y. 505; *Simmons* v. *Cloonan*, 81 N. Y. 557; *Huntington* v. *Asher*, 96 N. Y. 604; *Doyle* v. *Lord*, 64 N. Y. 432; *Sully* v. *Schmitt*, 31 N. Y. S. R. 443; 33 N. Y. S. R. 873.) There was no surrender of possession of these premises; hence, the defendant remains liable for rent to the plaintiff. (*Johnson* v. *Oppenheim*, 55 N. Y. 280; *Smith* v. *Kerr*, 108 N. Y. 31.)

GRAY, J. This was an action to recover rent due to the plaintiff by the terms of a written lease made between her

and the defendant, and the defense was that the premises were untenantable and dangerous to life and health and that defendant had abandoned them and had surrendered the same to the plaintiff.

After the plaintiff had proved the making of the lease and an occupation and a payment of the stipulated rent for two years of the term by the defendant, the latter undertook to prove that, after the execution of the lease and after he went into possession, he discovered the presence of an open sewer under the leased premises, which was filled with filth and dirt from the plaintiff's hotel, of which his premises were a portion; that the sewer was insufficient in size to carry away the deposit .from the hotel closets; that the hotel sewer, instead of being connected with this open sewer, simply dropped its contents into it; that the plaintiff continued to use her sewer in this way during the time of his occupation, and no change was made in its construction; that he, from time to time, cleaned out the sewer under his premises, but it was immediately refilled by the use made by plaintiff of her adjacent premises; that from this open sewer came a stench, which was a nuisance and disagreeable and which rendered the occupancy of the premises by the defendant dangerous to life. Evidence of these facts was excluded by the trial court, upon the plaintiff's objection; as was, also, evidence to show various other facts, namely : that the plaintiff represented to the defendant, before he took possession, that there was no cellar underneath the leased premises; that there was no opportunity for the examination of the premises before the execution of the lease and that the defendant had no knowledge of their condition before, or at the time, when he entered into possession. There was conflicting evidence upon the subject of whether the plaintiff had accepted a surrender of the leased premises from the defendant and the defendant asked to go to the jury upon the proposition that there had been such a surrender and an acceptance; but the request was denied and the defendant excepted. A verdict was directed for the plaintiff.

The lease was for a term of three years and described a front room on the ground floor of the Fillmore House, in the city of Buffalo, which had formerly been the dining room of that hotel. It contained among other provisions, unimportant to be mentioned, the agreements of the lessee to keep the premises in good repair; to prevent them from being injured by fire or otherwise and to keep "the premises hereby leased * * * in a cleanly and healthful condition." It was shown that the premises were leased for a bar room. They consisted of one room, with no windows or openings, except a door opening upon the street. The floor covered the entire room, with no aperture, or access, to a cellar beneath. Some four months after the defendant took possession, he was allowed to make use of the space underneath the floor, for the purpose of storing liquors and jugs, and then first became acquainted with its nature and condition.

The case presented seems to be one as to which there should be no doubt with respect to the propriety of permitting the defendant to prove the facts set up in his defense and contained in his offer of proof. If the evidence, which he was not allowed to give, should establish the existence of such a state of things, as was set forth in the answer and the offer, and the abortiveness of his efforts to remedy it, through the continuance of acts by his landlord which rendered it possible, there was an eviction at law, which warranted the abandonment of the premises and exonerated the tenant from the payment of rent thereafter. There was neither any express, nor any implied warranty that the premises were fit for habitation when leased, or for any purpose for which leased; but the landlord could not be instrumental in rendering them uninhabitable and hold his tenant to his agreement to pay rent. If they became untenantable through her default and wrongful acts, then she did that which obstructed their beneficial enjoyment and justified the tenant in abandoning them. It is a long established and perfectly familiar rule that a physical eviction is not necessary to exonerate the tenant from the payment of rent. The landlord's acts, though not amount-

ing to a physical expulsion, may, nevertheless, be of so pronounced and offensive .a character as to create a nuisance; which, by preventing the reasonable use by the tenant of the premises, would affect directly the consideration of the contract between them. (*Dyett* v. *Pendleton*, 8 Cowen, 727; *Edgerton* v. *Page*, 20 N. Y. 281; *Boreel* v. *Lawton*, 90 id. 293.) Applying the rule to the present case, if the plaintiff's evidence had been received it would have shown, or tended to show, that when he discovered the state of things underneath his room and endeavored to remedy it by cleaning out the sewer, the landlord not only made no change in its construction, but continued to maintain it in a disagreeable and, possibly dangerous, certainly offensive, condition, by suffering the contents of her hotel sewer to flow into and re-fill the open sewer as often as the tenant would clean it. The neglect of the landlord would seem to be monstrous and to amount to the creation and continuance of a nuisance upon the adjacent premises. Certainly it would be for the jury to say whether the evidence made out such a state of facts as exhibited the landlord in the attitude of continuing in the performance of acts, which amounted to the maintenance of a nuisance and through which her tenant's premises were rendered unfit for reasonable use and occupation.

The tenant's covenants in the lease obligated him with respect to the maintenance of his own premises in good repair and in a cleanly condition; but the nuisance from the stench arose upon the landlord's property and because of her repeated neglect. The tenant's covenants did not bear upon such a condition of things and went no further than to oblige him to do what lay in his power towards keeping his premises in good repair and in a cleanly state.

The verdict would turn upon the question, whether the defendant had neglected anything which he was able and might reasonably be required to do under his lease and, if he was not at fault, whether the premises, through the wrongful acts of the landlord, were rendered unfit for occupation; in consequence of which the tenant was justified in abandoning

and did, in fact, abandon their possession. It was not necessary that the defendant should have been induced to enter into the lease by the misrepresentation or fraud of the plaintiff. If he was able to show that, during his occupation, his landlord was guilty of affirmative acts, which caused a nuisance, of a nature dangerous to life or health and against which the tenant was remediless by the performance of any acts called for by his own covenants, the evidence should have been received.

It is argued for the respondent that she has a right, in the nature of an easement, to continue the use of the sewer. While that is true as a general proposition, as applied to the facts of this case it fails as a defense, if the use made of it amounted to an abuse of the right and so injuriously affected the tenant's possession as to make it impossible, or unsafe, for the latter to continue in occupation. The point is, not that the landlord did not have the right to make use of this sewer for his house; but that by its defective construction it became a source of offense and possible danger, and the efforts which the tenant made to keep it in clean and reasonably fit condition were nullified by the refusal of the landlord to remedy the defects in construction; the result whereof was that the stench and offense were constantly renewed by the refilling of the sewer with the filth and waste from the hotel.

Upon the question, also, of whether the plaintiff had accepted the defendant's surrender of possession, there was evidence given by the latter which, if believed by the jury, would have supported a verdict to that effect.

For the errors adverted to there should be á reversal of the judgment below and a new trial ordered; with costs to abide the event.

All concur.

Judgment reversed.