NOVEMBER et al. v. WILSON.

(Supreme Court, Appellate Term.　March 12, 1906.)

LANDLORD AND TENANT—REPAIR OF LEASED PREMISES—CONSTRUCTIVE EVICTION.

Under a lease of the first flat of an apartment house, whereby the tenant covenanted to take good care of the apartment, and to suffer no waste or injury, and to make good any damage occasioned by his own neglect, the fact that the premises became untenantable and unfit for occupation by reason of dampness, leakage of water into the premises, lack of protection, and negligent management of the boilers and other machinery on the property, constituted a constructive eviction, authorizing the tenant to remove before the expiration of the term.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 711.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Samuel November and another against John C. Wilson. From a judgment in favor of plaintiffs, defendant appeals.　Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Job E. Hedges, for appellant.

Isaac Fromme (S. Livingston Samuels, of counsel), for respondents.

SCOTT, P. J.　Plaintiffs brought this action to recover rent for the months of May to September, 1905, inclusive, under a written lease executed by the parties for the term of one year from October 1, 1904, to October 1, 1905.　The defendant admitted the making of the lease, that the rent claimed by plaintiffs had not been paid, and set up as a defense that after the making of the lease, and without fault of the defendant, the premises became "untenantable, unsafe, and unfit for occupation by reason of dampness, leakage of water into said premises, cold, lack of protection, and negligent and insufficient management of the boilers and other machinery on the said property, and dangerous to the life and limb of defendant and his family."　Another defense was set up in the answer, which need not be considered.　The tenant vacated the demised premises in April before the first installment of rent sued for became due.　Upon the trial the defendant took the affirmative of the issues, and asked several questions tending to show the condition of the premises in and during the month of April, 1905, all of which were excluded by the trial justice, who stated in making his ruling that the only defense the defendant was entitled to establish under his answer was that contained in the second defense. We think that the allegations of the answer set up the defense of a constructive eviction.　The lease was introduced in evidence, and shows that the premises leased to the defendant was the first flat of an apartment house.　The tenant covenants in the lease to take good care of the apartment, and to suffer no waste or injury, and repair and make good any damage occasioned by "his own neglect or carelessness," and this clause is negatived by the allegation contained in the answer.　Enough is set forth in the pleading, read in conjunction with

the lease, from which it can reasonably be inferred that some of the acts charged were within the control of the landlord, and done or permitted by him, and which, if proven, would constitute a constructive eviction. The judgment must therefore be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.