**236** **MEYER v. SCHULTE.**

ANTON H. MEYER, as Assignee for the Benefit of Creditors of the UNITED STATES RESTAURANT AND REALTY COMPANY, Respondent, v. DAVID A. SCHULTE and ROSE SCHULTE, Copartners Doing Business under the Firm Name and Style of SCHULTE & COMPANY, Appellants.

First Department, December 5, 1913.

Landlord and tenant — assignment by tenant for benefit of creditors — action by assignee for rent due from sub-tenants — eviction by land-lord — counterclaim — covenant of quiet enjoyment.

Where a lessee, having sublet a portion of the demised premises at an annual rental, payable monthly, subsequently makes an assignment for the benefit of creditors, the assignee may recover of the sub-tenant rent due at the time of the assignment although subsequently the owner of the property rescinded the assignor's lease because of its insolvency, and dispossessed the sub-tenants by summary proceedings.

Under the circumstances the eviction of the sub-tenants does not give rise to a counterclaim for damages, as the effect would be to give the sub-tenants a preference over the intervening rights of other creditors.

The above rules hold, although the owner allowed the assignee to occupy the premises temporarily in order to discharge his duties, subject to removal upon ten days' notice, for he was a mere licensee.

Where a landlord covenants that if the tenant pays the rent he shall peacefully and quietly enjoy the premises, the payment of rent is a con-dition precedent to the covenant and, on the tenant's failure to pay, he cannot recover as for a breach of said covenant.

APPEAL by the defendants, David A. Schulte and another, from a judgment of the Supreme Court in favor of the plain-tiff, entered in the office of the clerk of the county of New York on the 31st day of March, 1913, upon the decision of the court after a trial at the New York Trial Term, a jury having been waived.

*Jerome Eisner*, for the appellants.

*Alexander Gordon*, for the respondent.

Judgment affirmed, with costs, on the opinion of PAGE, J., at Trial Term.

Present — INGRAHAM, P. J., CLARKE, SCOTT, DOWLING and HOTCHKISS, JJ.

The following is the opinion of PAGE, J.:

PAGE, J.:

This is an action brought by an assignee for the benefit of creditors to recover rent due from the defendants to the plaintiff's assignor at the time of the assignment pursuant to a written lease. The defendants have interposed a counterclaim for damages suffered by reason of their having been evicted after the assignment to the plaintiff. The proof consists almost entirely of documentary evidence and raises no serious question of fact. The United States Restaurant and Realty Company held a long term lease of premises in New York city from the Henry Phipps Estates. It subleased a portion of these premises to the defendants for the term of nine years and four months, ending September 1, 1918, at an annual rental of $15,000 payable in advance in equal monthly installments of $1,250. On April 7, 1910, the United States Restaurant and Realty Company made an assignment for the benefit of its creditors to the plaintiff. At the time of the assignment five monthly installments of rent under the lease were due from the defendants and unpaid aggregating $6,250. On April 30, 1910, the Henry Phipps Estates elected to rescind the lease to the plaintiff's assignor because of its insolvency, pursuant to a provision of the said lease, and served a written notice to that effect upon the plaintiff and his assignor demanding possession of the premises. Thereafter on the same day the plaintiff made an arrangement with the Phipps Estates, whereby he left the personal property of his assignor upon the premises and obtained permission to go upon them with his assistants to discharge his duties as assignee, subject to removal upon ten days' notice. During this time the premises subleased by the plaintiff's assignor to the defendants were in the possession of sub-tenants holding leases from the defendants. In June, 1910, the Henry Phipps Estates, which was the owner of the property, commenced summary proceedings against the plaintiff's assignor, the defendants and their sub-tenants in possession, as a result of which they were all dispossessed. The defendants' counterclaim is for damages alleged to have been suffered by reason of this eviction. If the claim is one against the plaintiff's assignor, then it cannot be allowed as a counterclaim in this

action. The rent herein sued for was due on April 7, 1910, when it was assigned to the plaintiff. The eviction and resulting damage to the defendants had not occurred at that time, and did not take place until two months later. To counter-claim these damages against the rent due on April seventh would be granting a preference to the defendants over the intervening rights of other creditors, and this the law will not permit. (*Fera* v. *Wickham*, 135 N. Y. 223.) It is claimed for the defendants that the lease given by the United States Restaurant and Realty Company to them was assigned to the plaintiff by the general assignment of April seventh and was accepted and adopted by him with all its burdens and benefits, and that their claim for damages under the lease for their eviction is a claim against the plaintiff as assignee. Upon this point the proof fails to support the defendants' contention. The only evidence that the lease was ever adopted by the plaintiff is a statement made in the original complaint herein "that the plaintiff thereby became, and now is, the owner of said rent and said lease and of all rent accruing thereunder since the said 7th day of April, 1910." This was stricken out by an amendment of the complaint, and the counsel for the plaintiff explains that he originally inserted it under a mistaken impression of the legal effect of the assignment. This is not a statement of fact but a mere conclusion of law. It is not substantiated by any fact proved before me and cannot be regarded as an admission on the part of the plaintiff, especially when accompanied by its explanation. It does not appear that the plaintiff, as assignee, ever demanded any rent of the defendants for the period subsequent to April seventh or ever attempted to sell the lease, or did any other overt act to indicate the assumption of the status of landlord to the defendants. On the contrary, the lease under which plaintiff's assignor held was canceled, and the plaintiff never became either the tenant of the Phipps Estates or the landlord of the defendants. The cases cited by the defendants holding that an assignee who continues to occupy the premises formerly held by his assignor under a lease for an unreasonable time after the assignment is held to have accepted the lease and is liable for rent are not in point, for the reason that in the case at bar the

plaintiff's occupancy was shown to be that of a mere licensee from the owner for the purpose of discharging his duties, and under an agreement to vacate upon ten days' notice. But if it were conceded that plaintiff as assignee assumed the position of landlord to the defendants, I am still of the opinion that the defendants could not recover on their counterclaim, for the reason that they have not proved performance of the conditions precedent to their recovery. In their lease the defendants covenanted to pay $1,250 per month rent in advance, on the first of each month, and the lease provides: "And the said landlord doth covenant that the said tenant on paying the said yearly rent, and performing the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid." It is conceded that the defendants failed to pay the rent for over six months prior to their eviction. A fair interpretation of the lease leads to the conclusion that the payment of this rent in advance was the consideration for and the condition precedent to the plaintiff's covenant for quiet enjoyment. The defendants, having broken that condition, cannot recover on their covenant. There is no evidence of any act on the part of the plaintiff or his assignor which could be construed as a waiver of the breach of defendants' covenant to pay rent. Certainly demanding the unpaid rent and recognizing the defendants as tenants could not be construed as a waiver, because the breach is a continuing one and need not be availed of for the purpose of forfeiture. In view of the above conclusions it is unnecessary to consider the questions raised concerning the measure and extent of the defendants' alleged damages. The plaintiff is entitled to a judgment for the amount of the five unpaid installments of rent, $6,250, with interest and costs, and the defendants' counterclaim should be dismissed.