## BALTIMORE CITY COURT.

Filed February 2, 1914.

DR. JOHN TURNER
VS.
DR. JOHN G. AMENHAUSER.

*Emory L. Stinchcomb* for plaintiff.
*R. Lee Slingluff* and *John L. Cornell* for defendant.

DUFFY, J.—

In this case the evidence shows that the plaintiff owned an apartment house, known as 1814 N. Charles street. In June, of 1912, he rented the two front rooms on the first floor to the defendant for one year to be used as dental offices. The plaintiff occupied rooms on the same floor. The testimony satisfied me that at the time of renting, there was one flat occupied by persons for immoral purposes, and that prior to October 7 at least one other flat became so occupied, and that the plaintiff knew of this immorality of his tenants, or in the exercise of due diligence should have known of it. The defendant, and one witness, Slingluff, testified that the general reputation of this house was bad. There is no evidence to show that at the time of renting the defendant knew of this condition. Because of these immoral surroundings the defendant vacated his offices on December 27, 1912.

This suit was instituted to recover the rent from that date to the end of the lease. Upon the foregoing circumstances the maintenance of these immoral conditions on the premises was an unlawful act on the part of the plaintiff, and a nuisance sufficient to justify the defendant in vacating the premises rented by him. Such conditions constituted a constructive eviction of the tenant by the landlord extinguishing the right to claim rent from the time the premises are vacated.

This question is well treated in Tiffany on Landlord and Tenant, Sec. 185, p. 1282.

See also 130 N. Y. Supp. 232, Phyfe vs. Dale.

8 Cow. 728, Dyatt vs. Pendleton.

4 Colo. App. 252, Lay vs. Bennett.

73 N. J. Law 369, McCurdy vs. Wychoff.

97 N. Y. Supp. 989, November vs. Wilson.

Judgment reversed and judgment for defendant.