Jay Lewis, Appellant, *v.* William M. Miller, Respondent.

County Court, Tioga County, July 21, 1931.

*Frederick E. Hawkes,* for the appellant.

*Francis J. Clohessy,* for the respondent.

TURK, J.   The defendant leased a portion of the premises situated at the corner of Broad and Loder streets in the village of Waverly, N. Y., for a term of one year.   He took possession about the 1st of July, 1930, and remained in possession until the 10th day of January, 1931, when he vacated the premises.   The plaintiff sued for rent for the months of January and February.   The defendant defended on the ground that there was a constructive eviction, due to the failure of the plaintiff to furnish heat as required by the terms of the written lease.   The defendant also interposed a counterclaim for damages to certain personal property, which damages, the defendant contended, were occasioned as a result of the carelessness of the plaintiff.   The case was tried before the justice without a jury and the justice has rendered a verdict in which he finds there was a constructive eviction by reason of the failure of the plaintiff to furnish heat, and while the justice apparently finds that the defendant sustained damages by reason of the plaintiff's carelessness, the justice has failed to render judgment in favor of the defendant on the counterclaim for the reason, as stated by the justice, " that reasonable efforts were made by the plaintiff to remedy the conditions complained of."

A tenant who undertakes to avail himself of the right to abandon the premises must not only quit but surrender the premises to the landlord.   (*Boreel* v. *Lawton,* 90 N. Y. 293.)

There are circumstances which may justify a tenant to abandon the premises and from the evidence in this case it would seem that the justice very properly found that there was a constructive eviction.   To render eviction from the premises a valid defense it must have taken place, however, before the rent became due. (*Giles* v. *Comstock,* 4 N. Y. 270.)   Under the terms of this lease, the rent became due on the first day of January, ten days before the defendant abandoned the premises.   It is not disputed that the defendant abandoned the premises on the tenth day of January and that no rent was paid for the month of January or any part thereof.   It follows, therefore, that the judgment was· contrary to and against the weight of evidence.   ·

The judgment of the lower court is reversed and a new trial is ordered before the same justice, with costs of the appeal to abide the Event.

Let an order be entered in accordance with this decision, fixing the time and place for the new trial.