Arthur Wachtel, J.
This is a summary proceeding for nonpayment of rent in the amount of $250 due for the month of November, 1958, plus accumulated water charges in the amount of $130.40.
The answer consists of a general denial and four affirmative defenses and a counterclaim for damages in the amount of $3,000. The counterclaim was withdrawn by the tenant without prejudice during the trial. The affirmative defenses are breach of lease, breach of covenant of quiet enjoyment, actual eviction and constructive eviction.
The demised premises were leased to the tenant for the following purposes: ‘ ‘ Shirt laundering, tailoring, pressing, fur work and dry cleaning on the premises.” (Landlord’s Exhibit 1.)
The lease to the premises was assigned to the tenant’s predecessors, Abe Grossman and Sidney Bodell on January 20, 1958 (Landlord’s Exhibit 2) and in turn assigned by the latter to the present tenant, Cleaners Enterprises, Inc., of which they are the stockholders and officers, on September 29,1958.
During the latter part of September, 1958, Bodell notified the landlord of a weakening of the floor and foul odors which the tenant attributed to a leakage of water meters located in a pit under the demised premises. The landlord sent repair men to relieve the overflow and repair the floor. A boiler maintained on the premises in connection with the dry-cleaning operation of tenant’s business failed to function because of loss of power. The tenant claims this loss of power resulted from the water overflow in the pit entering the oil lines feeding the boiler. *625 Repairs to the boiler were attempted by the tenant’s service company, but were unsuccessful.
The tenant argues that ‘1 the non-use of the premises for their expressed purpose ’ ’ caused by 1 ‘ the acts or omissions ’ ’ of the landlord constituted a breach of the covenant of quiet enjoyment or an actual eviction, or a constructive eviction.
To meet the necessity of proof of abandonment in respect of the alleged constructive eviction, the tenant points to “ the interrupted use and enjoyment ” of the demised premises.
Despite the legal rationalization on the part of counsel for the tenant, the fact remains that the tenant did not abandon the premises. “ Hence, there was no constructive eviction, and no basis for an action for breach of the covenant of quiet enjoyment. ’ ’ (Herstein Co. v. Columbia Pictures Corp., 4 N Y 2d 117, 119.)
As the Court of Appeals (Burke, J.) said in the Herstein case at pages 120-121:
‘‘ The general rules concerning breach of covenants of quiet enjoyment are quite clear. Whether the breach of the covenant is alleged as a defense to an action for rent due, or is used as a basis for an action for damages, the determining factor, with few exceptions, is whether the tenant has vacated the premises * * * It should be emphasized that the acts of the landlord must preclude the tenant from the beneficial enjoyment of the premises. Thus, in an action for rent, it is not sufficient for the tenant to defend on the theory that there was a diminution of the beneficial enjoyment of the property. (Edgerton v. Page, 20 N. Y. 281; Two Rector St. Corp. v. Bein, 226 App. Div. 73.) Furthermore, there must be an abandonment of the premises by the tenant. (Boreel v. Lawton, 90 N. Y. 293; Thomson-Houston Elec. Co. v. Durant Land Improvement Co., 144 N. Y. 34.) Lastly, the ouster by the landlord, or the justified abandonment of the premises, amounting to an eviction in law, must have occurred before the rent has become due. (Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370; Sully v. Schmidt, 147 N. Y. 248.) If the tenant is ousted before the rent becomes due, the landlord may not maintain an action in quantum meruit. (Christopher v. Austin, 11 N. Y. 216.)
‘ ‘ In actions for damages for breach of the covenant of quiet enjoyment," a tenant likewise must show an ouster, or if the eviction is constructive, an abandonment of the premises. (Matter of O’Donnell, 240 N. Y. 99; Scriver v. Smith, 100 N. Y. 471; Grattan v. Tierney Sons, 226 App. Div. 811.)
“ It is also a well-settled proposition that the tenant must perform the conditions precedent to maintain the action for *626 breach of the covenant of quiet enjoyment, unless there was a waiver of those conditions. (Silken v. Farrell, 281 App. Div. 718, affd. 306 N. Y. 585; Baitzel v. Rhinelander, 179 App. Div. 735; Meyer v. Schulte, 160 App. Div. 236.) This is so since such breaches "of covenant by the landlord are breaches of an independent covenant and, hence, do not exonerate a refusal or failure to pay rent.
* ‘ These cases make it quite clear that unless there is an eviction, actual or constructive, there is no breach of the covenant of quiet enjoyment; and further, that to maintain an action on the covenant, plaintiff must have performed all covenants which are conditions precedent to his right to insist upon the covenant, unless these conditions have been waived.”
The circumstances relied upon in this case have generally been governed by the rule of constructive eviction. (Cf. Sully v. Schmitt, 147 N. Y. 248 [failure of the landlord to repair open sewer under leased] premises; Tallman v. Murphy, 120 N. Y. 345 [defects in heating, water and sanitary equipment] ; and see Edgerton v. Page, 20 N. Y. 281 [defective waste pipes due to negligence of landlord]; November v. Wilson, 49 Misc. 533 [App. Term, dampness, leakage of water, negligent management of boilers and other machinery]; Krausi v. Fife, 120 App. Div. 490 [defective plumbing causing upflow of sewer gas]; O’Gorman v. Harby, 18 Mise. 228 [App. Term, defects in boiler, insufficient heat due to stoppage in return of steam by reason of “ faulty construction, accident or mismanagement” by landlord’s agents] ; Jackson v. Paterno, 58 Misc. 201 affd. 128 App. Div. 474 [failure to supply adequate heat]; Self Service Furniture Fair v. 450 Realty Corp., 114 N. Y. S. 2d 774 [defective piping, water and disposal facilities causing water flow due to negligence of landlord].)
Generally an actual eviction occurs when a tenant is physically expelled or excluded from the demised premises. As the Appellate Term (per Seabury, J.) said in Jackson v. Paterno (supra, pp. 20A-205), “An actual eviction exists where the physical expulsion of the tenant is effected. A constructive eviction exists where the physical expulsion of a tenant is not effected, but the acts of the landlord, paramount title or process of law so interfere with the beneficial enjoyment of the premises demised as to necessitate the abandonment of the premises. ’ ’ And in that case the court found that “ there was no actual partial eviction, because in no proper sense can it be said the tenant was physically expelled from a substantial part of the premises demised. There was no constructive eviction, because there was not an abandonment of the premises by the tenant * * * the tenant *627 cannot remain in possession of the premises and enjoy even the inadequate supply of heat that was furnished and claim either an actual partial eviction or a constructive eviction. It cannot be said that, because a tenant was not furnished with as many degrees of heat as his landlord was under a duty to supply, the tenant has been physically expelled from a substantial part of the premises demised, where he has not abandoned the premises.”
The rule contended for by the tenant is a very different one. It is substantially the same contention as that of the tenant in Edgerton v. Page (supra), namely, that the rent is suspended or extinguished ‘1 whenever the enjoyment, in consequence of the tortious acts of the lessor, becomes less beneficial than it otherwise would have been ” (Edgerton v. Page, supra, 285), even though the tenant remains in possession of the demised premises. This is not the law. “ The true rule, from all the authorities is, that while the tenant remains in possession of the entire premises demised, his obligation to pay rent continues.” (Edgerton v. Page, supra, p. 285. See, also, Self Service Furniture Fair v. 450 Realty Corp. [Eager J., Sup. Ct., Westchester County], supra, pp. 775-776.)
Accordingly, final order for the landlord for $250 rent due for the month of November, 1958, plus accumulated water charges in the amount of $130.40; five days ’ stay.