Arthur Wachtel, J.
This is a nonpayment proceeding for rent due for the months of July and August in the amount of $50 for each month. The parties entered into a lease for a term of two years, commencing October 30, 1959, of store premises to be occupied and used as a candy store and luncheonette.
The tenant raises the defense of actual eviction as a bar to the landlord’s claim for rent. Upon weighing the credible testimony the court finds that the following are the facts:
(a) The landlord failed and refused to give the tenant’s plumber reasonable access to the basement to install a water meter at the tenant’s expense so that the cost of water used in the demised premises could be allocated.
(b) The landlord has refused to permit the tenant to install an electric meter so as to allocate the cost of electricity to be used in the business.
(c) The landlord has installed a water closet in the demised premises by an unlicensed plumber; as a result the Department of Buildings has placed a violation on the premises and has directed the owner to secure a permit for the work, and to have a registered plumber file an application therefor.
.(d) The tenant has not as yet opened the business, since the commencement of the term on November 1, 1959 by reason of the delay resulting from the failure of the parties to settle the disputes arising from the aforesaid facts.
*401 The question arises, do the facts in this case constitute an eviction, and if so is it a case of actual eviction, or constructive eviction? From time to time throughout the year there has been a repetition of cases involving the failure of the landlord to supply water, electricity, plumbing facilities, and the like. The tenants have repeatedly complained that such conduct on the part of the landlord results in a substantial deprivation of the beneficial use of the premises so as to amount to an eviction. The courts have generally held that in a case where the facts justify, a constructive eviction results, rather than an actual eviction. The Court of Appeals in Tallman v. Murphy (120 N. Y. 345, 352) has clearly set forth the law applicable to these cases as follows: ‘1 The heating of the apartments, the supply of water, all sanitary arrangements and many other things essential to the proper enjoyment of the apartments in the building by the tenants thereof, are regulated and controlled by the landlord, and he owes a duty to the tenant to see that all such matters and appliances are kept in proper order, and if he persistently neglects them, and, by reason of such neglect, the tenant is deprived of heat or hot water, or his apartments are filled with gas or foul odors from the same, and the apartments become unfit for occupancy, the tenant is deprived of the beneficial enjoyment thereof, and the consideration for which he agrees to pay rent fails and there is a constructive eviction.” The courts have accordingly held in similar circumstances that a constructive eviction results from the acts or the omissions of the landlord. (Cf. Sully v. Schmitt, 147 N. Y. 248 [failure of the landlord to repair open sewer under leased premises]; Edgerton v. Page, 20 N. Y. 281 [defective waste pipes]; November v. Wilson, 49 Misc. 533 [dampness, leakage of water, defective management of boilers and other machinery]; Krausi v. Fife, 120 App. Div. 490 [defective plumbing causing upflow of sewer gas]; O’Gorman v. Harby, 18 Misc. 228 [defects in boiler, insufficient heat due to stoppage of steam]; Self Serv. Furniture Fair v. 450 Realty Corp., 114 N. Y. S. 2d 774 [defective piping, water and disposal facilities causing water flow].)
The attorney for the tenant concedes that there can be no constructive eviction without an abandonment by the tenant of the premises (1 Rasch, Landlord and Tenant, § 871, p. 708). Also, see, Boreel v. Lawton (90 N. Y. 293, 297), where Chief Justice Andrews said: “We know of no case sustaining the doctrine that there can be a constructive eviction, without a surrender of the possession.”
In the case at bar there has been no surrender of the premises by the tenant. However, the attorney for the tenant contends *402 that the tenant was not constructively evicted but that there was a total eviction. He argues that a total eviction results when no part of the demised premises could be used by reason of the wrongful acts of the landlord. No case is cited in support; he merely states “ Cf.” Jackson v. Paterno (58 Misc. 201, affd. 128 App. Div. 474) which does not support his contention. That was a case involving the failure of the landlord to furnish heat and the court held that a constructive eviction and not an actual eviction resulted. Judge Seabtjby, speaking for the Appellate Term, quoted the opinion of the Court of Appeals in Tallman v. Murphy (supra) which I have set forth above. He further clarified the distinction between actual eviction and constructive eviction as follows (p. 204): 11 An actual eviction exists where the physical expulsion of the tenant is effected. A constructive eviction exists where the physical expulsion of a tenant is not effected, but the acts of the landlord, paramount title or process of law so interfere with the beneficial enjoyment of the premises demised as to necessitate the abandonment of the premises.” .
"While the tenant’s argument is persuasive the court is compelled to follow the long line of cases that have treated similar circumstances. Finally it is significant that although a similar argument on behalf of the tenant prevailed in the Supreme Court in City of New York v. Pike Realty Corp. (126 Misc. 260) the Court of Appeals reversed (247 N. Y. 245). In the latter case it was held that the refusal of a city department to permit the erection of a garage in accordance with a lease with the city did not result in an actual eviction but a constructive eviction, citing Tallman v. Murphy (supra) and inasmuch as the tenant did not surrender the premises but still claimed the right to possession, the tenant was required to pay the rent reserved under the lease and seek recoupment for the city’s breach of contract.
However, the measure of damages for breach of contract is not the rent heretofore paid as tenant argues, but ‘1 the difference in value of the leased premises as they were to be, that is * * * the purpose contemplated — and their value as they are (City of New York v. Pike Realty Corp., 247 N. Y. 245, 249. See, also, Rerstein Co. v. Columbia Pictures Corp., 4 N Y 2d 117.)
Accordingly, final order for the landlord for the rent due for the months of July, 1960 and August, 1960 totaling $100 with five days ’ stay. Counterclaim dismissed without prejudice.