Maurice Wahl, J.
This is a summary proceeding pursuant to article 83 of the Civil Practice Act whereby the landlord seeks a final order awarding to it possession of store 1-A and its related basement area at 955 Madison Avenue, New York, New York, based on the nonpayment of rent by tenant, and for a *681 judgment for rent in arrears for the months of September, October and November, 1960 in the sum of $2,388.88.
The tenant leased said premises on March 17, 1960 for the purpose of operating its Art Gallery, Burrell Galleries, Inc. The lease describes the premises thusly:
“ Store No. 1A and its related basement area, both as shown on the plan attached hereto marked Exhibit A
‘ ‘ 2. Tenant shall use and occupy demised premises as an art gallery and for no other purpose.”
At the time that Burrell Galleries was conducting alterations on the premises, it was noted that the basement area was indeed very hot. Complaints relative to the overheated condition were made in April, 1960 and thereafter. Nothing effective was done to rectify the condition. As a result of the overheating, tenant maintains that it was impossible to use the basement area for any purpose, and that the average temperature was over 90 degrees.
In October, 1960 the weather became colder and the inside became hotter because of the need for heat for the tenants. It is alleged that because of the landlord’s refusal to remedy the condition, the gallery was unable to utilize the room below.
The tenant admits nonpayment of the agreed rent, but defends upon the grounds (1) as a partial defense that landlord failed to secure a certificate of occupancy for the basement area; depriving the tenant of said area as an art gallery, thus constituting a partial failure of consideration for the lease; (2) as a complete defense that the basement is overheated and unusable, thus constituting a willful partial eviction which the landlord has failed to cure and that the landlord is not entitled to collect rental therefor; (3) as a first counterclaim for damages for loss of rental value on account of overheating; and (4) as a second counterclaim for damages equal to diminution in rental value as a result of overheating.
The first defense is untenable. The physical fact is that the “ store ” is somewhat below the street level. The building in question is a large multiple dwelling with garage space and “ stores ”. Subdivisions 37 and 38 of section 4 of the Multiple Dwelling Law defines a cellar and a basement:
“37. A ‘ cellar ’ in a dwelling is an enclosed space having more than one-half of its height below the curb level. A cellar shall not be counted as a story.
“38. A ‘ basement ’ is a story partly below the curb level but having at least one-half of its height above the curb level. A basement shall be counted as a story in determining height, *682 except as provided in paragraph e of subdivision six of section one hundred two.”
The demised 11 store ’ ’ here fits the statutory definition of a basement. Thus when the parties here leased a “ store ”, they, in fact and in law, leased a basement. The certificate of occupancy of July 11,1960 clearly defines the stores as the basement story. Thus the phrase in the lease herein ‘ ‘ its related basement area ” could only refer to and mean the next lower floor. That places it in the cellar. The afore-mentioned certificate of occupancy clearly shows that area to be for ‘‘ storage for stores' ’ ’. The court therefore finds and holds that in law the parties hereto entered into their lease for a basement (erroneously called a “store”) and related cellar (erroneously called a “ basement ”). It follows that there has been no breach by the landlord, nor has it failed to obtain a proper certificate of occupancy. The tenant has not been deprived of its cellar area use (Liebstadter v. Federgreen, 80 Hun 245; cf. Florgus Realty Corp. v. Reynolds, 187 N. Y. S. 188). The parties contemplated and agreed that the main floor of the ‘ ‘ store ” would be used for retail purposes as an art gallery, and the “basement” for storage space for said art gallery. Hence, the tenant was fully cognizant of the restricted use of the basement when the lease was executed. It follows that there is no failure of consideration.
The second defense and the two counterclaims are untenable. Concededly the rent reserved has not been paid. The tenant claims that the cellar (basement area) is not usable as an “ art gallery ’ ’ and is also nonusable because of overheating, with consequent monetary damages, and maintains that constitutes a partial eviction and breach of the covenant of quiet enjoyment. From time immemorial, the legal keynote has been that tenant must show an ouster or if the eviction is constructive, as it is here, an abandonment of the premises. Constructive eviction is to be distinguished from a partial actual eviction, where there is a physical expulsion by the landlord from a portion of the premises. (Mosbacher v. Cleaners Enterprises, 19 Misc 2d 624; 1 Rasch, Landlord and Tenant, §§ 849, 871.)
Tenant’s complaint of overheating is similar to defenses contained in other cases ruled by the law of constructive eviction. (Cf. Sully v. Schmitt, 147 N. Y. 248 [failure of the landlord to repair open sewer under leased premises]; Tollman v. Murphy, 120 N. Y. 345 [defects in heating, water and sanitary equipment] ; and see Edgerton v. Page, 20 N. Y. 281 [defective waste pipes due to negligence of landlord]; November v. Wilson, 49 Misc. 533 [dampness, leakage of water, negligent management of boilers and other machinery]; Krausi v. Fife, 120 App. Div. *683 490 [defective plumbing causing upflow of sewer gas]; O’Gorman v. Harby, 18 Misc. 228 [defects in boiler, insufficient heat due to stoppage in return of steam by reason of faulty construction, accident or mismanagement by landlord’s agents]; Jackson v. Paterno, 58 Misc. 201, affd. 128 App. Div. 474 [failure to supply adequate heat]; Self Service Furniture Fair v. 450 Realty Corp., 114 N. Y. S. 2d 774 [defective piping, water and disposal facilities causing water flow due to negligence of landlord].) Untenantability of demised premises, or a portion thereof, of the nature alleged by the tenant, may result in constructive eviction, but not an actual eviction. (Self Service Furniture Fair v. 450 Realty Corp., supra; McBean v. Peaster, 25 Misc 2d 400.)
The tenant’s claims are therefore founded on an alleged breach of the covenant of quiet enjoyment based on partial constructive eviction. (Fuller Co. v. Manhattan Constr. Co., 44 Misc. 219.)
It is axiomatic that a tenant must pay the rent as a condition precedent to asserting constructive eviction or a breach of the covenant of quiet enjoyment as a defense to a summary proceeding based on nonpayment of rent, or as a counterclaim, or as a separate action for damages. (Herstein Co. v. Columbia Pictures Corp., 4 N Y 2d 117; Mosbacher v. Cleaners Enterprises, supra.) Tenant must show that it has performed the conditions precedent on its part to be performed, which it has not done here since the tenant has not made payment of the rent. (Silken v. Farrell, 281 App. Div. 718; Meyer v. Schulte, 160 App. Div. 236, affd. 213 N. Y. 675; Baitsel v. Rhinelander, 179 App. Div. 735.)
In the recent leading case of Herstein Co. v. Columbia Pictures Corp. (supra), the Court of Appeals stated as follows: “ Such a default in the payment of rent deprives the plaintiff [i.e. tenant] of his right to insist upon the performance of the covenant of quiet enjoyment * * * It is also a well-settled proposition that the tenant must perform the conditions precedent to maintain the action for breach of the covenant of quiet enjoyment, unless there was a waiver of those conditions * * * This is so since such breaches of covenant by the landlord are breaches of an independent covenant and, hence do not exonerate a refusal or failure to pay rent ” pp. 120, 121). '
Here the tenant has refused to pay its rent, yet asserts defenses and counterclaims based on constructive eviction and breach of the covenant of quiet enjoyment.
A claim of constructive eviction is based on a claim that landlord has wrongfully committed certain acts or failed to com *684 mit certain acts, which result in depriving the tenant of a substantial part of the use and enjoyment of its premises, and the tenant must thereafter surrender the entire possession a/nd premises in order to assert same as a defense or counterclaim. (1 Rasch, Landlord and Tenant, § 877; Boreel v. Lawton, 90 N. Y. 293; Brown v. Kaufman, 188 Misc. 1025; Self Service Furniture Fair v. 450 Realty Corp., supra.)
It is an absolute prerequisite to asserting constructive eviction that such abandonment by the tenant occur. (West 30th St. Parking Corp. v. Sobel, 21 Misc 2d 274; Jackson v. Paterno, supra.)
In Herstein Co. v. Columbia Pictures Corp. (supra, pp. 120, 121), tenant brought an action against landlord for damages for breach of covenant of quiet enjoyment, based on constructive eviction. The court stated: ‘1 Whether the breach of the covenant is alleged as a defense to an action for rent due, or is used as a basis for an action for damages, the determining factor, with few exceptions, is whether the tenant has vacated the premises * * * there must be an abandonment of the premises by the tenant * * * the justified abandonment of the premises, amounting to an eviction in law, must have occurred before the rent has become due. (Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370; Sully v. Schmitt, 147 N. Y. 248.) ”
This is clearly distinguishable from a case of an actual partial eviction, where a physical expulsion from a portion of the premises will permit relief to a tenant. (Mosbacher v. Cleaners Enterprises, supra.) A claim of partial constructive eviction and alleged partial abandonment will not suffice.
Nor has there been even a partial abandonment by the tenant. The tenant has not removed from the premises. The only entrance to the store is from the street, and in order to have access to the basement, one must pass through the store and into the basement. The tenant has sole possession and occupancy of both the store and the basement and continues its business, but attempts to avoid its obligation to pay rent. Furthermore, the tenant must perform all the conditions precedent to maintain any action for breach of the covenant of quiet enjoyment. Tenant’s failure to pay rent in the case at bar is a failure to so perform. The finality with which the court has spoken on this matter in Herstein Co. v. Columbia Pictures Corp. {supra) leaves no alternative in the case at bar. The rationale and vigor of entrenched sound principles are therein restated and reasserted. Tenant’s claim of overheating, a novel one in these days of multitudinous complaints against landlords for underheating, is perhaps at its best a claim of *685 breach of the covenant of quiet enjoyment. Tenant may perhaps maintain such an action, first, however, itself not being in breach of the contract of lease by performing the condition precedent on its part to be performed. (Hersfein Co. v. Columbia Pictures Corp., supra.) One may not sue for a breach when he is in default himself.
Hence the landlord is entitled to a final order for nonpayment, as prayed for in the petition, and judgment for the sum of $2,388.88. The defenses are dismissed. The counterclaims are dismissed without prejudice, to such action as the tenant may be advised to follow.