Arthur Wachtel, J.
This is an action to recover rent for the months of May, June, July, August and September, 1961, for loft premises pursuant to a lease commencing October 1,1960 and ending September 30, 1961. Plaintiff also seeks to recover the sum of $150 pursuant to an alleged agreement for the repair of a skylight, and credits the tenant with the security in the sum of $275. The defendant alleges a constructive eviction and actual *651 partial eviction, by reason of the following claims: (1) that the public toilet facilities which the defendant’s employees were required to use were unsanitary, making them impossible to use; and (2) that the sprinkler system throughout the premises was inoperative.
Defendant relies upon a notice dated May 10,1961, wherein the defendant called the attention of the plaintiff to the aforesaid alleged conditions and stated that 1 ‘ unless these two conditions are corrected on or before May 13th, 1961, we shall deem it a breach of the terms of our lease and act accordingly.” The defendant further claims that the conditions were not corrected and that it vacated the premises sometime during the latter part of May, 1961.
The tenant has failed to sustain its burden of proof as to its affirmative defenses of constructive eviction and actual partial eviction. There is insufficient proof that the sprinkler system was “ inoperative ”.
As to the alleged condition with respect to the toilet facilities, the court agrees that continued failure of the landlords to provide sanitary toilet facilities for the tenant’s employees may ground a claim for constructive eviction. The cases cited by the defendant (Mosbacher v. Cleaners Enterprises, 19 Misc 2d 624 [decided by this court]; Self Service Furniture Fair v. 450 Realty Corp., 114 N. Y. S. 2d 774, and West 30th St. Parking Corp. v. Sobel, 21 Misc 2d 274) do not sustain the claim of actual partial eviction but they do support the defendant’s contention that the landlord’s failure to supply sanitary toilet facilities for the tenant’s employees may constitute constructive eviction, and with this contention the court agrees. However, it is well settled that the tenant cannot claim constructive eviction without abandonment of the premises. (Boreel v. Lawton, 90 N. Y. 293; Mosbacher v. Cleaners Enterprises, supra and eases there cited.)
In the case at bar, the condition complained of existed from the time the tenant entered into occupancy of the premises, namely from October, 1960, until the time the tenant moved out in May, 1961, a period of over seven months.
The law is well settled that where the tenant unreasonably delays in abandoning the premises by reason of the asserted constructive eviction, his right ‘ to repudiate the hiring is lost.” (Seaboard Realty Co. v. Fuller, 33 Misc. 109 [App. Term].) In Siebold v. Heyman (120 N. Y. S. 105 [App. Term, 1909]) continued occupancy of the premises for four months was held unreasonable; in the Seaboard case (supra) a delay of five months was held unreasonable; in Kent v. Ward (111 N. Y. 8. 743 [App. Term, 1908]) six months was held unreasonable; in *652 Heilbrun v. Aaronson (116 N. Y. S. 1096 [App. Term, 1909]) seven months’ continued occupancy was held unreasonable. As the court said in the Seaboard case (supra, p. 111), “ The retention of the premises for such a period after the commencement of the alleged annoyance was a confirmation of the tenancy, and must be treated as an election by the tenant to perform the covenants of the lease and to retain its benefits.” In the Appellate Term decisions following the Seaboard case the courts have construed unreasonable delay as a waiver of the defense of constructive eviction (see Heilbrun v. Aaronson, supra).
There is nothing in the record to warrant any finding that the tenant did not, in fact, waive its rights to abandon the premises in a reasonable time. The tenant does not claim any change in the condition complained of during the pendency thereof or any promise to repair, or any conduct on the part of the landlord which might cause or contribute to the delay (cf. Krausi v. Fife, 120 App. Div. 490). Nor does the tenant claim any inability to move to other quarters. The tenant could not in fact make any such claim inasmuch as it had other business premises larger than the subject premises during the pendency of the condition complained of and it obtained other premises even still larger in March, 1961, to which it eventually did remove its equipment from the subject premises in May, 1961.
Accordingly, the defense of actual partial eviction and constructive eviction is not sustained.
The plaintiff has failed to sustain its burden of proof with respect to the alleged agreement to pay for the repair to the skylight and this claim in the amount of $150 is accordingly dismissed.
Accordingly, the plaintiff is entitled to judgment for the rent for the months of May, June, July, August and September at the rate of $265 per month, making a total of $1,325. The defendant is entitled to an offset of $275, the security retained by plaintiff, making a balance to which the plaintiff is entitled in the sum of $1,050.