Maurice Wahl, J.
This is a summary proceeding instituted by the above landlord to recover possession of the third and fourth floors of premises 1070 Second Avenue, New York County, New York, from the above tenant, based upon nonpayment of rent for the months of December, 1963 and January, 1964. The lease was executed in January, 1963, at a rental of $6,000 per annum and expires by its terms on January 31, 1968. The tenant has interposed an answer consisting of a general denial and affirmative defense and counterclaim in the sum of $7,100 based in substance upon the tenant’s claim that the landlord has allegedly breached the lease made with the tenant in failing to supply sufficient heat, and as a consequence thereof the tenant claims it has been constructively evicted from the premises. The tenant is a publisher of a magazine devoted to the presentation of women in various forms of undress.
The defense of constructive eviction is insufficient as a matter of law. The rent involved is for the months of December, 1963 and January, 1964. At the trial it was alleged that due to the fact that the landlord failed to furnish' proper heat during the Winter months of January, February, March, April, October, November and December, 1963 and January, 1964, the tenant was required to use other studios in order to perform its work for which it rented the premises from the landlord. Since the tenant remained in possession during those months, it cannot avoid payment by claiming an eviction, actual or constructive, for the period when it occupied the premises and had the use and enjoyment thereof. (Giles v. Comstock, 4 N. Y. 270; Berstein Co. v. Columbia Pictures Corp., 4 N Y 2d 117; Lewis v. Miller, 141 Misc. 138; Osias v. 21st Borden Corp., 29 Misc 2d 680.)
The counterclaim is also based on the claim of constructive eviction and the expenditure of various sums which the tenant asserts it was required to pay because of the landlord’s failure to provide adequate heat for the proper conduct of the tenant’s studio.
There is no proof that the landlord was remiss in supplying usual and normal heat during the hours specified in the lease. However, the tenant seeks to impose a more rigorous obligation *442 on the landlord by contending that it was duty bound to furnish proper heat for the type of work in which the tenant was enagaged, namely, 'the photographing of nude or semi-nude women for magazine publication. The omission to supply more than ordinary heat to satisfy the needs of partially dressed women was not part of the lease.
Although sympathy may be in order for a model whose employment demands that she pose without the usual accouterments which help the body to retain heat, such hardship does not warrant the aid of the court to impose an obligation on the landlord which otherwise would not exist. No agreement, express or implied, to furnish more than ordinary and usual heat can be found.; Even detailed knowledge of the specific activities to be conducted in the leased space, if it existed, would not justify such an extension of the duties and burdens assumed by the landlord.
The Sanitary Code of the City of New York merely requires that, where a central heating plant is available, the landlord provide sufficient heat in a minimum temperature of 68 degrees Fahrenheit. Violation thereof is a misdemeanor. (Sanitary Code, § 225; New York City Health Code, § 131.03.) No right of civil action arises for failure to comply with this code (Kalfus Co. v. Ad Press, 185 Misc. 214).
Under normal circumstances, tenants do not ordinarily cavort or pose in their abodes or places of business in the nude, nor do their customers^ employees or agents pose in the nude for magazines, which may only ordinarily attract a prurient interest. At bar, the friction of heat is generated only by nonpayment of rent. Landlord did not undertake to supply or maintain a degree of heat sufficient to negative what is commonly referred to as “ goose bumps ” for nude professional models.
The situation at bar recalls to the court the heady works of Shakespeare with modest modern revision by the court.
Poor naked wretches, whereso ’ever you are,
That bide the pelting of this pitiless storm,
How shall your chemiseless pelts and pink rumps by legal writ and judicial fiat be warmed?
(King Lear, act III, scene 4.)
Final judgment for landlord, together with money judgment in the sum of $1,000, with interest. The counterclaim is dismissed on the merits.