## KLINKER et al. v. GUGGENHEIMER.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. LANDLORD AND TENANT—LIABILITY FOR RENT—DEFENSES—EVICTION.

Eviction, to constitute a valid defense to a landlord's claim for rent, must take place before the rent falls due.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William H. Klinker and Louis Stahl against Adelaide E. Guggenheimer. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Frank Herwig, for appellants.

Charles E. Le Barbier, for respondent.

BLANCHARD, J. The plaintiffs and defendant entered into a written agreement, whereby the plaintiffs rented to the defendant certain premises owned by the plaintiffs in the city of New York. The term of the lease was 11 months from the 15th day of November, 1903, at a monthly rental of $45, payable in advance. The defendant took possession of the premises pursuant to the lease, and left them on the morning of the 16th of January, 1904, after having paid two months' rent, claiming an eviction on account of cold and annoyance. She did not return the keys until several days thereafter.

This action was brought to recover the monthly rent of $45, which became due under the lease on January 15, 1904. The defendant alleged an eviction, and offered proof in support of her contention, and the court below gave judgment in her favor, from which judgment plaintiffs appealed.

It is not disputed that the rent sued for became due on the 15th day of January, 1904; that on that day the defendant was in possession of the premises; that she did not move out of them until the 16th day of January, 1904, and kept the keys of the premises several days thereafter. It thus appears beyond question that the rent for which the action was brought became due before the defendant was evicted. It is the well-settled law of this state that, in order to make eviction a valid defense against a landlord's claim for rent, it must take place before the rent falls due. In the case of Giles v. Comstock, 4 N. Y. 270-275, 53 Am. Dec. 374, the court says: "The doctrine everywhere running through the books is that, to render eviction from the premises a valid defense, it must have taken place before the rent became due." In the case of Gugel v. Isaacs, 21 App. Div. 503, 48 N. Y. Supp. 594, Mr. Justice Van Brunt writing (after citing Giles v. Comstock, supra), says: "The rule is distinctly laid down that, to bar an action for rent, the eviction must take place before the rent becomes due. * * *" The question is as stated in that case, "When did the rent become due and the right of action

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 767.

arise?" This case does not come within the rule laid down in the case of O'Gorman v. Harby, 18 Misc. Rep. 228, 41 N. Y. Supp. 521, cited by the defendant, as no counterclaim for the value of the premises after removal was pleaded, nor was there any proof offered in support of such counterclaim.

Judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.