(119 App. Div. 51)

### DONOVAN v. KOEHLER.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

LANDLORD AND TENANT—EVICTION—CREATION OF NUISANCE BY LANDLORD—LIABILITY FOR RENT.

A landlord, by opening and maintaining a public bowling alley immediately under a leased flat, the alley being used all day and till late at night, creates a nuisance, making it impossible for the tenant to peaceably and quietly hold and enjoy his premises, constituting an eviction, so that the tenant, leaving the premises in consequence thereof, is not liable for subsequent rent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 695, 696, 698, 705.]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Timothy Donovan against Joseph Koehler. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., HOOKER, RICH, GAYNOR, and MILLER, JJ.

Thornton Earle, for appellant.
Robert O'Byrne, for respondent.

RICH, J. In June, 1905, the plaintiff leased to Charles Koehler under a written lease the first-floor flat in plaintiff's house on Bath avenue for the period of one year from the 21st day of June, at the yearly rental of $264, payable $22 monthly in advance on the 21st day of each month, and defendant became surety for the payment of the rent. The lease contained a covenant that the tenant should peaceably and quietly have, hold, and enjoy the premises. He entered into pos-

session June 12th, and continued to occupy the flat until about the 1st
of November following, when he vacated the premises, having paid
the rent to October 21st. This action was commenced February 7,
1906, to recover the rent for the months of October, November, De-
cember, and January, and plaintiff has a judgment for $88 and costs,
from which this appeal is taken.

A few weeks after Koehler moved into the flat, plaintiff, who kept
a saloon on the ground floor of the premises, opened a public bowling
alley directly under the rooms occupied by him, which were connected
with the saloon. The evidence tends to show that the bowling alley
was used all day and until late at night, sometimes as late as 1 or 2
o'clock in the morning, to the annoyance of Koehler and his family.
His wife described the condition as being intolerable, and testified that
her children could not sleep at night, which is not surprising. We think
that in maintaining this bowling alley plaintiff created such a nuisance
as to make it impossible for the tenant to peaceably and quietly hold
and enjoy the demised premises, and his act constituted an eviction.
The evidence is sufficient to justify a finding that the tenant quit the
premises on consequence of this eviction. In fact, after a careful read-
ing of the evidence, we are unable to reach any other conclusion. It
has been held, as stated by Church, C. J. (Home Life Ins. Co. v. Sher-
man, 46 N. Y. 370, 372) :

"That any interference, on the part of the landlord, which impairs the ben-
eficial enjoyment of the premises, such as the creation of a nuisance in another
portion of the same building, or the like, is a sufficient disturbance of posses-
sion to constitute an eviction. Edgerton v. Page, 20 N. Y. 281; Dyett v. Pen-
dleton, 8 Cow. 727, and cases there cited."

The learned justice presiding in Municipal Court has held that, to
constitute eviction as a defense, it must occur before the rent claimed
becomes due, and cites Pearson v. Gillotte, 15 N. Y. St. Rep. 395;
Klinker v. Guggenheimer, 43 Misc. Rep. 394, 87 N. Y. Supp. 474.
This is undoubtedly the rule; but in the case at bar at the time of the
eviction but one month's rent was due, and as to the rent to become due
after that time the defense was valid.

We think the judgment should be modified, by reducing the recovery
from $88 to $22, and, as modified, affirmed, without costs. All concur.