.NEW YORK STATE INVESTING CO. v. WOOLF.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. LANDLORD AND TENANT (§ 178*)—CONSTRUCTIVE EVICTION—WAIVER.

A waiver of a constructive eviction by payment of rent and continued occupancy by the tenant, as a rule, only waives conditions existing at that time, so that, where during March and April a tenant continued to occupy his room and paid rent after the landlord had erected an electric light outside of his window, by sleeping with his window shade down, and only protested against the light, and left the premises in June when the weather got warmer so as to compel him to keep the window shade up, payment of rent and occupancy for March and April, while the condition was made tolerable by keeping the window shade down, was not a waiver of his constructive eviction thereafter.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 713; Dec. Dig. § 178.*]

2. LANDLORD AND TENANT (§ 178*)—EVICTION.

A tenant must act promptly upon discovering conditions claimed to operate as constructive eviction, but has a reasonable time in which to remove; what constitutes a reasonable time being a question of fact.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 713; Dec. Dig. § 178.*]

3. LANDLORD AND TENANT (§ 233*)—CONSTRUCTIVE EVICTION—JURY QUESTION.

About March 1st a landlord erected an electric light in a courtyard outside of a tenant's bedroom window, which was turned on every night about 10 o'clock. During March and April the tenant slept with the shade of his bedroom window drawn down, but when the weather became warmer, about May 1st, he kept the shade up for air, when the light shone directly into his room, preventing him from sleeping. The tenant then protested several times, but was informed that the light would not be removed. Early in June the tenant cut the light down, but the landlord promptly restored it, and on June 27th the tenant vacated the premises. *Held*, that in an action for July rent it was a question for the jury whether the tenant's removal after his constructive eviction by the maintenance of the light was within a reasonable time so that his continued occupancy and payment of rent up to that time would not operate as a waiver of the conditions.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 49, 940–944; Dec. Dig. § 233.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the New York State Investing Company against John L. Woolf. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Charles E. Thorn and Harold W. Hastings, both of New York City, for appellant.

Louis S. Posner, of New York City (Alexander Lewis, of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
145 N.Y.S.—60

LEHMAN, J. The plaintiff sued for the July rent of an apartment under a written lease. The defense is a constructive eviction. It appears that the plaintiff, about March 1st, erected an electric light in a courtyard outside of the window of the defendant's bedroom. The light was turned on every night at about 10 p. m., when the lights in the halls of the apartment house were turned off. During March and April the defendant slept with the shade of his bedroom window drawn down. When the weather became warm, about May 1st, the defendant kept the shade up, in order to procure more air. The light then shone direct into his room, and he claims that the light, which had theretofore been an inconvenience, became then an intolerable nuisance, preventing him from sleeping. He protested several times to the superintendent, but was informed that the light would remain as it was. Early in June he cut down the light himself. The plaintiff promptly restored it, and then on June 27th the defendant vacated the premises. Upon this testimony the trial justice directed a verdict for the plaintiff. It is not disputed that the defendant produced sufficient evidence to raise a question of fact upon the issue of whether he had been substantially deprived of the enjoyment of the premises demised to him, but it is claimed that the direction of the verdict was correct on the ground that the undisputed evidence shows a waiver of the conditions of which he now complains.

[1] A waiver by payment of rent and continued occupancy is usually only a waiver of the conditions existing at that time. In March and April it appears that the conditions were not intolerable, because the defendant could exclude the light to some extent by drawing the blind. I think that the defendant's continued occupancy during that period might well be construed as a waiver only of the conditions causing inconvenience, and if these conditions became intolerable through the approach of warm weather, he could then remove from the premises. Marks v. Dellaglio, 56 App. Div. 299, 67 N. Y. Supp. 736. In fact there is some doubt in my mind whether so long as the conditions caused only inconvenience, the defendant could have claimed that they amounted to a constructive eviction.

[2] The serious question in the case is whether the defendant's continued occupancy during the months of May and June constituted a waiver of the conditions existing at that time. It is well established that, though a tenant must act promptly upon the discovery of the conditions which he claims constitute a constructive eviction, yet he has a reasonable time in which to remove, and the question of what constitutes a reasonable time is a question of fact. In many cases we have held that a delay of several months does not constitute an unreasonable time where the tenant remains in reliance on promises of the landlord to remedy the conditions. In this case, however, the landlord did not promise to remedy the conditions. Nevertheless, I think that the defendant did not, by delaying in removing, waive the conditions, if this delay is shown to have been caused, not because the tenant was satisfied to receive that part of the enjoyment of the lease which still remained to him, but because he relied upon securing an abatement of the conditions depriving him of full enjoyment. In this case, it is

shown that during this period the defendant not only continued his protests, but even personally assumed to abate conditions caused by acts of the landlord on a part of the premises of which the tenant had no control.

[3] Under these circumstances, it seems to me that it is a fair question of fact for the jury whether the defendant's continued occupancy was not in reliance upon a reasonable belief that by protests or affirmative acts he could obtain an abatement of the acts constituting a constructive eviction, and whether his removal after his efforts were shown to be useless was not a removal within a reasonable time.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.    All concur.

