### JOCKEL v. HAUBOLD.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

LANDLORD AND TENANT ⚖=233—CONSTRUCTIVE EVICTION—QUESTION FOR JURY—REASONABLE TIME.

In an action for rent, where it appeared that the tenant remained in possession, relying upon the promise of the lessor's agent to remedy the insufficiency of heat claimed to constitute a constructive eviction, and, when told that the lessor would not supply larger radiators, moved from the premises, the question whether the tenant exercised his option of re-

⚖⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

moval within a reasonable time, so as not to waive his claim of constructive eviction, was for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 49, 940-944; Dec. Dig. ☞233.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Frederick William Jockel as trustee, etc., against Herman Haubold. From a judgment in favor of the plaintiff, entered upon a directed verdict, defendant appeals. Reversed, and new trial granted.

Argued December term, 1915, before GUY, PAGE, and PHIL-BIN, JJ.

Hitchings & Burdick, of New York City, for appellant.

Thompson, Koss & Warren, of New York City (George Flint Warren, Jr., of New York City, of counsel), for respondent.

PAGE, J. This was an action to recover rent for premises after the defendant had removed from same, claiming to have been constructively evicted therefrom. The defendant remained in the premises, relying upon the promise of the agent of the landlord to rectify the cause that rendered the premises untenantable by reason of insufficient heat. When the tenant was informed that the landlord would not supply larger radiators, the tenant moved from the premises. The learned trial judge directed a verdict in favor of the plaintiff, upon the theory that the defendant waived, as a matter of law, his right to claim a constructive eviction by remaining in possession of the premises.

We have frequently held that the question as to whether the tenant exercised his option to remove from the premises within a reasonable time was a question of fact, to be determined by the jury with reference to the circumstances of the particular case. N. Y. State Investing Co. v. Wolf, 84 Misc. Rep. 68, 145 N. Y. Supp. 945. The case should have been submitted to the jury for their determination.

A direction of the verdict by the trial judge was erroneous, and the judgment must be reversed, and a new trial granted, with $30 costs to the appellant to abide the event. All concur.