Norman C. Ryp, J.
Can a psychotherapist, claiming constructive eviction and breach of quiet enjoyment, justifiably abandon an office lease, requiring soundproofing of common walls and door by landlord, who fails to do so for two to three months after final noise complaints and not until tenant actually removed or gave removal notice? Is ear or noise pollution of a psychotherapist (psychologist and social worker)patient confidential and privileged relationship valid grounds for a professional tenant’s termination of an office lease? These main questions of law and fact appear to be of first impression.
This is a nonjury action by a commercial landlord to recover lost rent ($4,037) and damages ($1,000 reasonable attorneys’ fees for 12 stipulated hours of professional services rendered) on a six-year lease (commencing Sept. 1, 1971 and ending Aug. 31, 1977) at two-year graduated monthly rentals of $205, $236 and $254. Defendant-tenant, a psychotherapist, interposed a general denial and affirmative defenses of breach of quiet enjoyment and constructive eviction, based on landlord’s failure to soundproof, as required under its lease, and tenant’s complaints over two to three months of continuing neighboring tenant’s noise that materially interfered with her patients’ *972 sessions and relationships, justifying tenant’s removal on July 31, 1973.
Both parties waived findings of fact and conclusions of law and made the usual trial motions, upon which the court reserved decisions.
The fulcrum issue is whether there was constructive eviction (since generally necessary to establish breach of covenant of quiet enjoyment — Rasch, Landlord and Tenant [2d ed], § 893). If so, such justifies, per se, tenant’s total abandonment (and renders moot all other secondary issues, i.e., landlord’s reasonable attorneys’ fees and mitigation of damages), a disputed question of fact for the court in this nonjury action. (Rasch, supra, § 930; Leider v 80 William St. Co., 22 AD2d 952; Read v Levy, 101 Misc 547; Lathers v Coates, 18 Misc 231.)
After trial and due consideration of all admissible evidence, the court finds and decides in fact and law, there was a constructive eviction by landlord of this tenant under the subject facts and circumstances. Here, landlord failed, as required under the lease, to soundproof the common wall until this tenant (a psychotherapist-psychologist and certified social worker, with a legally recognized confidential and privileged patient relationship [CPLR 4507, 4508] and known to this landlord under the lease) repeatedly complained to landlord, who did not commence soundproofing until this tenant either notified landlord of her abandonment or actually abandoned (for a higher rental) and landlord assented or permitted the noises of the neighboring tenant, to whom landlord ultimately rented this tenant’s abandoned office. The court finds this was a material, substantial and effectual deprivation and wrongful disturbance by landlord of this psychotherapist’s beneficial and professionally necessary quiet enjoyment of the demised premises calculated to and necessitating this tenant’s total abandonment of possession. (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82-84; Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117; Finkelstein v Levinson, 74 Misc 2d 105; Rasch, supra, § 920 et seq.)
The court further finds that any delay in abandonment by this tenant relied upon landlord’s promise to remedy the complained-of conditions within a reasonable time (two to three months) and tenant abandoned subject premises with reasonable promptness under the circumstances herein. (Leider v 80 William St. Co., supra; New York State Investing Co. v Wolf, 84 Misc 66; East Haven Assoc. v Gurian, 64 Misc *973 2d 276, 278.) This defendant-tenant has sustained her burden of proof (preponderance of the credible evidence) of constructive eviction. (Mack Kanner & Sons v Abramowitz, 17 Misc 2d 229, 230; Bronx Garment Center v Acme Multi-Stitching Corp., 37 Misc 2d 650.)
Courts have previously found noise, under less compelling circumstances, caused by the act or omission of the landlord, to justify constructive eviction. (Overhead tenant — Polk Arms v Kohler, 144 Misc 326; elevator — 55th Street Realty Corp. v Socolow, 36 NYS2d 12; large fan near tenant’s bed — New York State Investing Co. v Wolf, supra; subsequent bowling alley below — Donovan v Koehler, 119 App Div 51; overhead tenant printing press but no evidence of landlord’s act or fault —cf. Finkelstein v Levinson, supra.)
This is especially recently so, when like the analogous persisent noxious odor cases (see Tallman v Murphy, 120 NY 345; Sully v Schmitt, 147 NY 248; Lathers v Coates, supra), excessive noise or ear pollution is being increasingly recognized as harmful to one’s (psychological or emotional) health by the courts (see Zamzok v 650 Park Ave. Corp., NYLJ, Dec. 26, 1974, p 15, col 1); by Federal legislation (see Clean Air Act, US Code, tit 42, § 1857, as amd 84 Stat 1676, eff Dec. 31, 1970; Noise Control Act of 1972, 86 Stat 1234, eff Oct. 27, 1972); by New York State (ECL 19-0107, subd 2, eff May 31, 1972); and New York City laws (see NY City Noise Control Code, Administrative Code of City of New York, § 1403.3-1.05 [jj] and [xx], eff Sept. 1, 1972); of all of which the court takes judicial notice (CPLR 4511, subd [a]).
Moreover, such is particularly relevant, as in this case, to the confidential relationship (CPLR 4507, 4508) between psychotherapist and patient, as aptly stated in the 1972 US Senate Committee on Public Work’s Report (No. 92-1160) on the subsequently enacted Noise Control Act of 1972: "Many individuals in this Nation, already affected by health, such as high blood pressure and emotional illness, are especially susceptible and need protection from the added stress of noise”. (3 US Cong Code & Adm. News, 92nd Cong, 2d Session, pp 4655, 4657 [1972].)
"Psychotherapy,” defined as "the treatment of mental or emotional disorder or maladjustment by psychological means, especially involving verbal communication” (Webster’s Third New International Dictionary Unabridged — 1964) should be practiced in a "soundproofed” office, wherein the "patient’s *974 right to total privacy is essential” with "total confidentiality * * * a cornerstone,” according to a noted clinical professor of psychiatry, SUNY, editor-in-chief of International Journal of Psychoanalytic Psychotherapy and therapist-author (Dr. Martin Langs, "The Technique of Psychoanalytic Psychotherapy”, 1973).
Plaintiff-landlord’s remaining cases are clearly distinguishable. In Stein v Rice (23 Misc 348) a residential summer cottage lease contained no provision that premises were in good condition (sufficient water supply) and alleged constructive conviction occurred 17 days after final rent installment was due. In Fermaglich v Warshawiak (42 Misc 2d 1077) landlord of a residential apartment offered after IV2 months to accept surrender but tenants remained in possession for an additional 516, months. In Ernst v Wheatley (93 NYS 1116) tenant remained in possession 20 days after storm’s water flooding and damages, a single event, outside of landlord’s control, as distinct from landlord’s continuing wrongful act by omission herein. In Finkelstein v Levinson (supra, p 108) the court (Egeth, J.) in dicta recognized that noise could justify constructive eviction abandonment in these commercial premises, but there, in factual contrast to the instant case, tenant did not abandon any part or all of the leased premises (total abandonment herein) and landlord therein was faultless by first attempting to muffle sound and then tried to arrange agreement with overhead noisy tenant to operate printing presses at mutually convenient time (while landlord did little to soundproof though required under lease and nothing with neighboring noisy tenant herein).
Finally, statutory (Real Property Actions and Proceedings Law, § 755 — stay in action for rent in multiple dwelling), case law ("self-help” or "deduct and repair” — Jackson v Rivera, 65 Misc 2d 468), or practical (undue expense and disruption of professional practice) remedies are unavailing to this professional, commercial tenant.
Thus, as a matter of subject lease contract (including the classical rationale of constructive eviction; i.e., failure of consideration, Dyett v Pendleton, 8 Cow 727), facts and law, including the dignity and integrity of a therapist-patient confidential and privileged relationship, defendant’s motion to dismiss the complaint is granted and all other issues are moot.
Accordingly, defendant-tenant may enter judgment dismissing plaintiff-landlord’s complaint, with costs thereon.