Norman C. Ryp, J.
Defendant’s motion for summary judgment on its counterclaim was assigned, by order of Judge Arthur E. Blyn, dated April 15,1975 for:
1. hearing before this court (Trial Term, Part 27) and determination on the issue of whether this court lacks personal jurisdiction over corporate defendant for improper service (CPLR 311) of subject summons and indorsed complaint ("process”); and, if so
2. final disposition of defendant’s:
(a) motion for summary judgment; and
(b) two applications contained in defendant attorney’s reply affirmation to:
(1) amend the "ad damnum” clause of its counterclaim from $500 to $750; and
(2) strike plaintiff’s action from the trial calendar, pending defendant’s examination before trial of plaintiff decedent’s daughter.
1. Defendant’s Traverse.
After hearing and due consideration of all the evidence, the court finds, in fact and law, that service of process upon corporate defendant’s president was legally sufficient pursuant to CPLR 311. The court notes that defendant, within three days of service of process, duly served its notice of appearance, answer and demand for bill of particulars. (See McDonald v Ames Supply Co., 22 NY2d 111, 115; Willo-Peer Corp. v Bronx Riv. Soundview Community Corp., 77 Misc 2d 275; Belofatto v Marsen Realty Corp., 62 Misc 2d 922.)
2. (a) Summary Judgment
*601 In the interests of furthering justice and judicial motion economy (Behrman v Pioneer Pearl Button Co., 190 App Div 843), this court will not deny nor defer disposition of this motion:
(1) despite defendant’s failure to comply with section 2900.6 of this court (22 NYCRR 2900.6), requiring all CPLR 3212 motions to be accompanied by a memorandum of law served simultaneously with the motion papers not within a reply affirmation; or
(2) as premature, under CPLR 3212 (subd [a]), because issue has not been joined on defendant’s counterclaim, if amended, to increase its "ad damnum” clause since plaintiff is not required to serve a reply, except by court order (CCA, § 907) and a triable issue of fact as to the amount or extent of damages does not bar summary judgment on liability, subject to an immediate hearing on the issue of liability. (CPLR 3212, subd [c]); or
(3) as too late, due to laches, on the eve of trial, in this Judicial Department (see Jordan v Levy, 16 AD2d 64, 66; Cardozo v Gulack, 30 AD2d 42).
After review and due consideration of all papers and exhibits submitted, the court finds the opposing affidavit of Candida Sena, dated April 4, 1975, is sufficiently based upon specific personal knowledge of evidentiary facts, not conclusory allegations based upon surmise, conjecture and suspicion (Shapiro v Health Ins. Plan of N. Y., 7 NY2d 56, 63, 64). Such, together with defendant’s supporting affidavits and affirmations, initial and reply, present material triable issues of fact, including, without limitation, whether plaintiff’s decedent was constructively evicted (see Rockrose Assoc. v Peters, 81 Misc 2d 971; Rasch, Landlord and Tenant, 2d ed, § 930 and cases cited therein); and how long the repairs or construction overhead lasted (two weeks-Hittner affidavit) or one month-reply affidavit requiring denial of defendant’s motion for summary judgment. (See CPLR 3212, subd [b]; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.05c.)
2.(b) Two (2) Applications for Alternative Relief in Reply AMrmations.
Defendant’s applications for alternative relief, usually requested in a notice of motion (CPLR Rule [CPLR 2214, subd (a)], not in an attorney’s affirmation in reply served, by *602 mail, on Friday, April 11, 1975, before a Monday morning, April 14, 1975, motion return date, is not in accord with the normal motion practice of this court. (22 NYCRR 2900.8.) Such will be only considered in the interests of judicial dispositive economy of this action (see Behrman v Pioneer Pearl Button Co., supra) and not as a matter of precedent.
(1) Amend Defendant's Counterclaim's fAd Damnum” Clause, by Increase from $500 to $750.
Such is governed by section 909 of the CCA and CPLR 3025 which require a proper supporting affidavit, enforced with increased strictness by this Judicial Department (see Osborne v Miller, 38 AD2d 298, 300; Coleman v New York City Tr. Auth., 44 AD2d 673, 674). For the reason noted above, the court will treat the affidavit of Hittner, as such a required supporting affidavit under CPLR 3025. The court notes that there is no prejudice to plaintiff, if whose claim of constructive eviction justifying abandonment prevails, there will be no rent, whether $500 or $750, due and owing under subject lease. (See Rockrose Assoc. v Peters, supra.)
Accordingly, the court grants defendant’s motion to amend the "ad damnum” clause of its counterclaim, by increase from $500 to $750, which shall be deemed amended upon service by defendant upon plaintiff of a true copy of this order, with notice of entry thereof.
(2) Strike Plaintiff’s Case from Trial Calendar, Pending Examination Before Trial of Plaintiff Decedent’s Daughter.
Such is governed by subdivision (c) of section 2900.16 (22 NYCRR 2900.16 [c]) and must be made within 20 days after service of the notice of trial, dated March 25, 1975 herein, with a supporting affidavit specifying the reasons therefor. Defendant’s reply affirmation, dated April 11, 1975 (and within the required 20 days), claims plaintiff’s attorney previously "stated that he had no witnesses to this incident” (other than decedent) and "withheld this information” as to decedent’s daughter as a witness until the latter’s affidavit in opposition herein, dated April 19, 1975, and if, as so, summary judgment is denied, included the above-alternative application.
As noted above, defendant’s reply affirmation was served, by mail, on. Friday, April 11, 1975, and submitted with defendant’s main motion for summary judgment, *603 returnable the following Monday morning, April 14, 1975. Thus, plaintiff was not afforded a reasonable opportunity, as procedural due process and professional courtesy require, to rebut same. (See Thrasher v United States Liab. Ins. Co., 45 Misc 2d 681; CCA, § 1001; CPLR 2214, subd [b] and CPLR 2103, subd [b], par 2.) The court has discretion to award motion costs on the movant because of inadequate notice. (See CPLR 8106 and 8102; Practice Commentaries by Prof. David D. Siegel, C2214:12 in McKinney’s Cons, Laws of NY, Book 7B, pp 78-80.)
Accordingly, the court, after balancing all equities, facts and circumstances herein, denies defendant’s motion to strike plaintiff’s case from the trial calendar, under subdivision (c) section 2900.16, but with leave to move under subdivision (d) of section 2900.16, within five days after service by plaintiff upon defendant of a true copy of this order, with notice of entry thereof. Such motion, upon adequate notice to plaintiff under CPLR 2214 and 2103, based upon a detailed affidavit, shall allege unusual and unanticipated conditions subsequently developed unduly prejudicing defendant, returnable to the Special Term Part in Room No. 337, No. 50 Park Place, New York, N. Y. 10007. (See NYLJ, Feb. 13, 1975, p 8, col 6, Civil Court Notice of Administrative Judge Edward Thompson.)
This court’s Commercial Trial Calendar indicates this case was originally scheduled for conference and assignment in Room 345, No. 50 Park Place, New York, N. Y. 10007 on April 14, 1975, wherein this was hereby returned (Commercial Cases are retained by room numbers, not Trial Term Parts nor particular Trial Judges, except, as here, by coincidental reassignment) to the Trial Judge therein presiding for conference and assignment and trial on June 17, 1975 (Judge Arthur E. Blyn, Trial Term, Part 40, to whom a true copy of this order as well as to counsel for both parties is being directly forwarded).
Proceed accordingly.