Norman C. Ryp, J.
Leaping, even in a Leap Year, without looking often means action without accomplishment. Defendant’s motion for an order striking plaintiff’s notice of trial and statement of readiness, pursuant to 22 NYCRR 2900.16(c), is granted as set forth hereinbelow. CPLR 3402 (subd [a]) is inapplicable to original Civil Court actions. (See CCA, §§ 1001, 1301.)
The court compliments plaintiff’s timely and speedy leap year filing of his notice of trial and statement of readiness. However, such a leap requires a look at the statement of readiness, which requires that: "all preliminary proceedings allowed by any applicable rule or statute have been completed by all parties, or, if not completed, either that there has been reasonable opportunity to complete them, or that the parties do not intend to conduct them”. (Emphasis added, CCA, § 1301; 22 NYCRR 2900.16 [a].) Here, joinder of issue occurred on December 16, 1975 and service of the notice of trial and statement of readiness was effected:
(a) fifteen calendar but nine business days later, on December 31, 1975, according to plaintiff’s affidavit in opposition, dated January 7, 1976. Intervening were two weekends, Christmas Day (a legal holiday) and the eve of 1976, followed by New Year’s Day (a legal holiday), a Friday and then a third weekend;
(b) twenty calendar but 12 business days later on January 5, 1976, according to defendant’s affidavit in support, dated January 6, 1976. Intervening were three weekends, the two legal holidays of Christmas and New Year’s Days; all during the season of peace and goodwill and in Civil Court between two prominent Park Avenue law firms. By January 27, 1976, this action was assigned to a Commercial Conference and Assignment Part, Room 345,* No. 50 Park Place, where it now awaits disposition of this motion.
Plaintiff’s bicentennial briskness not only counters the Spirit of ’76 and professional courtesy but also a civil interpretation of the rules of this court; namely 22 NYCRR *221 2900.16(a)(2), especially in the absence of any calendar preference application (22 NYCRR 2900.14) and the presence of practically current trial calendars (within 30 days between filing of notice of trial and statement of readiness and the initial conference and assignment date, i.e. this very case as a typical illustration). This court further notes that under CPLR article 31 (disclosure), most sections thereunder require 10 to 20 days either for prior written notice or action deadline to trigger preliminary proceedings thereunder. (See CPLR 3104 subd [a]; CPLR 3123, 3106, 3107, 3109, 3118, 3120, 3123, 3132-3134.)
In the interests of justice and judicial economy so that plaintiffs haste is not a complete waste, defendant, within 10 days after service by plaintiff of a true copy of this order, with notice of entry, shall initiate and pursue with due dispatch his pretrial disclosure and all other preliminary proceedings to completion; so that plaintiff may duly serve and file a new notice of trial and statement of readiness (with a new calendar number), under section 1301 of the New York City Civil Court Act and 22 NYCRR 2900.16 at any time after 45 days following service of a true copy of this order, with notice of entry, upon defendant. Thereafter, defendant shall reserve the right to move, upon a proper showing of lack of reasonable opportunity, unusual and unanticipated conditions subsequently developed to prevent undue prejudice, for further pretrial examination and preliminary proceedings herein, pursuant to 22 NYCRR 2900.16(d). A true copy of this order shall be served upon the clerk of the successor Trial Term Part to Room 345, No. 50 Park Place, New York, N.Y. on January 27, 1976.

 N.B. commercial cases follow room numbers not particular Trial Parts nor Judges (see Geller v Mahsons Realty Corp., 82 Misc 2d 599, 602).